GRIMES, Acting Chief Judge.
Appellant sued Dandi Merchandise, Inc. (Dandi) on a promissory note bearing an annual interest rate of 25%. Dandi defended and counterclaimed on the theory of usury. Appellant filed a third-party action alleging that Blancher, as a licensed securities agent, improperly induced him to “invest” money in Dandi for interest higher than the legal rate. The amended third-party complaint also alleged that Blancher failed to inform appellant of Dandi’s precarious financial condition and that Blanch-er was a director of Dandi and had a financial interest in that corporation. On the premise that the promissory note constituted a “security,” count one sought rescission for failure to comply with the Florida Securities Act. Counts two and three prayed for damages on theories of breach of fiduciary duty and negligence. Upon Blancher’s motion, the court dismissed count one with prejudice and dismissed counts two and three with leave to amend. Appellant seeks to appeal from the dismissal of count one.
*1218 All three counts were legally interrelated and grounded upon the same transaction. See Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974). Therefore, the dismissal of count one with prejudice cannot be a final order if counts two and three remain pending. Moudy v. Southland Distributing Co., 452 So.2d 1045 (Fla. 2d DCA 1984). An order of dismissal with leave to amend is not appealable because it is a nonfinal order. Bishop v. Kelly, 404 So.2d 1149 (Fla. 5th DCA 1981). If the order dismissing counts two and three with leave to amend is a nonfinal order, these counts necessarily remain pending. Although the court in Blacker v. Shearson Hayden Stone, Inc., 358 So.2d 1147 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1122 (Fla.1979), appears to have entertained an appeal under similar circumstances, there is no indication that the appealability of the order in question was ever considered.
We hereby dismiss the appeal for lack of jurisdiction. Needless to say, the dismissal is without prejudice to later raising the same issue upon a proper appeal.
DANAHY and FRANK, JJ., concur.