505 So.2d 1381 (1987)
HARDCASTLE POINTE CORPORATION, Appellant,
v.
Harlan COHEN, Appellee.
No. 85-2244.
District Court of Appeal of Florida, Fourth District.
April 22, 1987.
Rehearing Denied April 22, 1987.
Alan D. Gordon, Arthur J. Menor, and Victoria P. Brenner of Wien, Malkin & Bettex, Palm Beach, for appellant.
Henry B. Handler and Henry J. Meyer of Weiss & Handler, P.A., Boca Raton, for appellee.

*1382 ON MOTION FOR CLARIFICATION
GUNTHER, Judge.
We grant appellant's motion for clarification and substitute the following opinion for our original opinion.
Hardcastle Pointe Corporation (Hardcastle) appeals from a final judgment entered after the jury rendered a verdict in favor of Harlan Cohen for $165,000 in compensatory damages for breach of contract, and from an order denying Hardcastle's motion for a new trial or judgment notwithstanding the verdict.
Cohen claims Hardcastle breached the following contract when it refused to pay him pursuant to the terms of the contract:
[1]
*1383 Prior to the creation of this written contract, in April 1983, Hardcastle was looking for potential sites for real estate development. Cohen was not a licensed Florida real estate broker but with the knowledge of Hardcastle he began searching for available land and visiting some sites in an effort to locate land for Hardcastle. He was successful in procuring for Hardcastle in a seller of real property in Boca Pointe, namely "Tract I." Cohen contends that "through research" he put Hardcastle in touch with Markborough Properties, the seller of "Tract I," arranged a meeting between the two, and attended the negotiations for the purchase of Tract I. Markborough and Hardcastle ultimately concluded a deal for the sale of "Tract I" with a commission to be paid to a real estate broker and an oral promise being made to pay Cohen a fee for his services. Over the next few months, Hardcastle advanced approximately $10,000 or $15,000 of the amount due Cohen.
On November 16, 1983, Cohen and Hardcastle reduced to writing their agreement concerning payment for Cohen's services rendered in the acquisition of Tract I. Also, this contract included a second paragraph covering Cohen's compensation for services rendered in assisting in developing a site plan, name, etc., for the development of "Tract I."
Subsequently, a closing was held but Hardcastle refused to pay Cohen. Cohen then brought this action to recover monies under the terms of the written contract. Cohen prevailed in a jury trial and a final judgment was entered awarding Cohen $165,000 in compensatory damages.
Hardcastle argues that the trial court erred when it denied its motion for a directed verdict on the breach of contract count because Cohen's acts clearly fell within the statutory definition of a broker and he acted without a broker's license. Therefore, Hardcastle contends Cohen is not entitled to any commission whatsoever as a matter of law.
Cohen argues that the trial court properly denied the appellant's motion for a directed verdict because it is clear from the contract, and from the testimony adduced at trial, that a reasonable juror could have concluded that some of the services performed by Cohen were not "brokerage" services under the licensing statute, and hence might have concluded that Cohen was entitled to part of the consideration due to him under the terms of the contract.
Both of these arguments have merit as to one paragraph of the written contract but not as to the other.
As to the first paragraph of the contract, Hardcastle is correct in its contention that section 475, Florida Statutes, forecloses Cohen from any recovery for the $100,000 (minus advancements) for services rendered in the acquisition of Tract I. Section 475.41, Florida Statutes (1983), prohibits unlicensed brokers from collecting a commission on any contract. Sections 475.41, 475.01(3) and 475.01(4), Florida Statutes (1983) set forth the definitions of a broker or a salesman and clearly show that Cohen's activities were such that he is precluded from recovering any monies as a matter of law. Although the language of the first paragraph may not be typical brokerage verbiage, it is clear from the trial testimony that the services to be compensated were services for helping Hardcastle acquire a piece of real estate for purchase. Cf. Alligood v. Florida Real Estate Commission, 156 So.2d 705 (Fla. 2d DCA 1963) (Services need not be couched in terms of a typical real estate contract to be under section 475, court found telephone soliciting included); see also Schy v. Margulies, 407 So.2d 267 (Fla. 3d DCA 1981) (agreement to pay a finder's fee was included under the statute).
Contrary to section 475.41, Florida Statutes (1983), the first paragraph of the contract *1384 was actually for a commission or compensation for brokerage services to be paid to Cohen, who was not a licensed real estate broker. Therefore, as to paragraph one of the written contract, we conclude that the trial court committed reversible error when it denied Hardcastle's motion for a directed verdict. Hardcastle was entitled to a directed verdict on the ground that a portion of the contract Cohen sued upon was invalid as a matter of law.
However, as to the second paragraph, the matter was properly submitted to the jury. The services rendered by Cohen in assisting in developing a site plan, name, etc., are not services included within the scope of section 475, Florida Statutes. It is clear from the language of section 475.01(1)(c) and (d) that Cohen's services for site planning, researching, assisting in preparation of site plan, consulting, and proposing a name for the project are not specifically enumerated in the statute. Since they are not included in the statute, that is an indication that the legislature did not intend to preclude payment for such services that are performed without a license. Further, section 475.001, Florida Statutes (1983), the statement of purpose section of the statute, reveals that the legislature was concerned with real estate transactions, rather than with services related to site development.
It should be noted that the payment for services rendered in assisting in developing a site plan, name, etc., was not contingent in any way upon the services to be rendered in the acquisition of Tract I at Boca Pointe. Therefore, we conclude that although the first portion of the contract is void as a matter of public policy, the second portion is enforceable because the payment and the services rendered in connection therewith are separate and distinct from the payment to be earned for consulting services rendered in acquisition of Tract I. Our construction of the contract as severable is supported by a fair construction of the terms of the contract because the personal services involved are easily divisible, see generally Local No. 234 of United Association of Journeymen v. Henley & Beckwith, Inc., 66 So.2d 818, 822 (Fla. 1953).
Although we conclude that a portion of this case was properly submitted to the jury, the matter must be retried on that issue because we are unable to determine what amount of the compensatory damages can be attributed to the award for services rendered in assisting in developing a site plan, name, etc.
Additionally, we instruct the trial court to consider the $15,000 improperly advanced to Cohen under the first paragraph of the contract as setoff to the amount of compensatory damages to be awarded by the trial court to Cohen for services rendered by him under the second paragraph of the contract.
We reverse in part and remand in part for further proceedings consistent with this opinion.
MARK E. POLEN, Associate Judge, concurs.
LETTS, J., dissents without opinion.
NOTES
[1] 16th NOVEMBER 1983

In consideration for consulting services rendered in the acquisition of Tract I at Boca Pointe, we hereby agree to pay to Harlan Cohen at the closing of Tract I at Boca Pointe to Hardcastle Pointe Corporation the sum of $100,000 less advances given to Harlan Cohen prior to closing.
In addition, for services rendered in assisting in developing a site plan, name, etc., we agree to sell Harlen Cohen a house model of his choice at our cost (i.e., less $50,000.00 anticipated profit) on a lot of his choice without lot premium. It is understood that Harlan Cohen will order the house above indicated during the period that that phase of the project is being constructed.
AGREED: Harlan Cohen HARDCASTLE POINTE CORPORATION
WITNESS: John N. Rassias Cecily M. Clark