519 So.2d 1114 (1988)
Ellen BILOW, Appellant,
v.
Paul BENOIT, Appellee.
No. BT-150.
District Court of Appeal of Florida, First District.
February 10, 1988.
*1115 Glenda F. Swearingen, Marianna, for appellant.
Larry A. Bodiford of Hutto, Nabors & Bodiford, Panama City, for appellee.
ZEHMER, Judge.
Ellen Bilow appeals from a final judgment denying her prayer for specific performance of a contract for the sale of real property and dismissing her claim for damages. She contends that (1) the trial court erred in denying her request for specific performance in count I of the complaint based upon affirmative defenses which were not raised in any pleadings and only raised at final argument; (2) her actions, after receiving notice of appellee's default, did not constitute abandonment of the executed contract; and (3) her use of certain deposit proceeds, prior to appellee's default and pursuant to the written agreement of the parties, did not justify the trial court's ruling that such use constituted forfeiture.
The record reveals the following facts: On August 22, 1986, the parties entered into a contract prepared by a real estate broker by which Benoit agreed to purchase certain real property located in Jackson County from Bilow. The contract established a purchase price of $160,000, required a deposit of $5,000, and set a closing date on September 29, 1986. A handwritten clause was added to the contract printed form which stated:
It is understood and agreed that out of the above deposit that the mortgage payments be brought to date and $1500 be paid to seller for her immediate needs. Seller will pay documentary stamps on deed.
(R. 5). About the first week of September 1986, Benoit learned that his loan application had been rejected by Citizens State Bank. After attempting to secure a loan from other institutions, Benoit notified the real estate broker that there would be no closing because he was not going through with the deal.
The deal did not close, and Bilow filed her complaint for specific performance and damages. In his answer, Benoit raised an affirmative defense alleging that "Plaintiff and Defendant agreed unless third party financing could be arranged with Citizens State Bank, Marianna, Florida, there would be no closing. Financing was refused by Citizens State Bank, Marianna, Florida." Benoit also filed a counterclaim seeking reformation of the original contract to include such provision, alleging that the contract failed to express the real agreement of the parties.
A nonjury trial on the issues raised by the complaint, answer and counterclaim was held on February 20, 1987. Estelle Fordham, the real estate broker involved in the transaction, testified that she prepared the real estate contract; that according to the terms of the contract and her understanding of the agreement between the parties, there was no condition of financing imposed upon appellee's performance; and that Benoit first notified her that he was *1116 not going through with the deal on September 24, 1986, because "Citizens Bank wouldn't let him have the money." Fordham stated that she suggested alternative methods of financing, such as a wraparound mortgage, but Benoit "didn't go for it" and, further, that he said "he would rather go ahead and forfeit the deposit and get out of it because he had one bad marriage and he didn't want to have another one and that he just wanted to get out, his wife was opposed to it." To Fordham's knowledge Benoit never offered or paid anything to Bilow in exchange for his release from the contract. Fordham further stated that the contract gave the seller, Bilow, the option to retain the deposit as liquidated damages or, in the alternative, to seek specific performance.
Appellant Bilow testified that the written contract reflected the agreement of the parties. She stated that when she was notified Benoit was not going through with the deal she had already closed her ice cream and sandwich shop and was in the process of moving off the property. Bilow testified that she offered to be Benoit's partner or to give him a wraparound mortgage, but that he refused her offer. She also testified that Benoit had told her many times that he had other sources of money available and that he could get financing. Bilow testified that the $5,000 deposit was used as follows: $3,200 was spent on lights, gas, wages, and mortgage payments, and the remainder was kept in Mrs. Fordham's escrow account.
Appellee Benoit testified he told Mrs. Fordham and Bilow that unless he was able to obtain Small Business Administration financing through Citizens State Bank he was not going to be able to close the contract, and that he told Bilow he was not interested in a partnership. He further stated that, at one point, his attorney requested Ms. Bilow to return the $5,000 deposit, but as of the date of the hearing she had not done so. Benoit testified that Mrs. Fordham had told him the deposit was gone, that Ms. Bilow had used it all.
In the final judgment the court expressly found that the contract for sale of the real property (1) was "abandoned by the parties after Defendant [Benoit] advised he was not able to close due to financing and the parties attempted to renegotiate the transaction" and (2) that Benoit forfeited his $5,000 deposit and that the plaintiff [Bilow] "retained the same by partial use of the deposited funds and retention of the balance thereof by the Seller's agent." The court denied Bilow's prayer for specific performance, and it dismissed as moot count two of Bilow's complaint seeking damages and Benoit's counterclaim.
Bilow first contends that the affirmative defense of forfeiture was not raised in the pleadings nor tried by the express or implied consent of the parties, and that the trial court erred in relying on it as the legal basis for the final judgment. Benoit claims the issues of liquidated damages and forfeiture were raised by him without objection, by Bilow's counsel during Bilow's case-in-chief, and by Bilow herself, and that this issue was tried before the lower court.
With certain exceptions not presently involved, the rule is well established that affirmative defenses not alleged in the answer or a motion attacking the sufficiency of the complaint are deemed waived. Fla. R.Civ.P. 1.140(b) and (h). Rule 1.190(b) provides, however, that "when issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." But in order to rely on questions and answers not objected to during trial as evidencing the opposing party's implied consent to try unpled issues, it must be shown that such questions and answers are irrelevant to any pled issues; the failure to object cannot be taken as implied consent to try unpled issues when there is no occasion for such party to object that such evidence is irrelevant to the issues being tried. Wassil v. Gilmour, 465 So.2d 566 (Fla. 3d DCA 1985); Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), review denied, 392 So.2d 1373 (Fla. 1980). Rule 1.190(b) is not intended to permit a party to catch an opposing party by surprise and inject new, *1117 unpled issues in the case after the evidence is closed.
After careful review of the transcript, we cannot say that the line of questioning referenced in Benoit's brief was relevant only to the issues of forfeiture and election of liquidated damages. The questions on cross-examination were also relevant to other issues that had been pled, and thus, Bilow's non-objection cannot be construed as express or implied consent to trial of the unalleged forfeiture defense. Furthermore, the record shows that Bilow's counsel objected to the defense of forfeiture during the presentation of Benoit's case-in-chief when his counsel asked Mrs. Fordham how much she disbursed out of the escrow account to Ms. Bilow. The trial court erred in granting judgment for appellee on the unpled defense of forfeiture, for a judgment based upon an issue outside the pleadings cannot stand. Dysart v. Hunt, 383 So.2d 259; Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA), cert. denied, 339 So.2d 1167 (Fla. 1976); Neveils v. Thagard, 145 So.2d 495 (Fla. 1st DCA 1962).
Next, Bilow argues that the trial court erred in finding that the parties had abandoned the original contract because this defense also was not pled or otherwise raised. Again, our review of the record reveals that abandonment was not pled and the transcript of the hearing and oral argument does not support Benoit's contention that the issue of abandonment was tried by express or implied consent of the parties under Rule 1.190(b). To constitute abandonment by conduct, the action relied on must be positive, unequivocal, and inconsistent with the existence of the contract. McMullen v. McMullen, 185 So.2d 191 (Fla. 2d DCA 1966). Although the seller Bilow and the real estate agent attempted to work out a settlement after Benoit's anticipatory repudiation and default, such efforts to settle the dispute were not inconsistent with the existence of the contract and thus did not constitute abandonment of the contract. Public policy encourages litigants to amicably resolve their disputes without resort to the courts, and it would be contrary to public policy to treat Bilow's proposals, made after Benoit's breach, as an abandonment of the contract. This affirmative defense was waived by Benoit's failure to plead it, and the trial court erred in relying on the defense as a basis for its final judgment. Fla.R.Civ.P. 1.110(d); Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976). See also the cases cited above relating to the issue of forfeiture.
Finally, Bilow contends that even if the forfeiture issue had been properly before the court, her use prior to Benoit's default of a portion of the $5,000 deposit pursuant to the authorization in the written contract did not legally justify the trial court's conclusion that the deposit should be deemed forfeited and viewed as liquidated damages under paragraph S of the contract. We hold that Bilow's use of the monies in accordance with the contract terms is insufficient to support a finding that Bilow elected to accept the deposit as liquidated damages. The parties agreed both to an explicit use of the deposit monies and to the remedies specified in Paragraph S:
If Buyer fails to perform this contract within the time specified, (including payment of all deposits hereunder), the deposit(s) paid by the Buyer may be retained by or for the account of Seller as liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; whereupon Buyer and Seller shall be relieved of all obligations under the Contract; or Seller, at Seller's option, may proceed at law or in equity to enforce Seller's legal rights under this Contract.
This provision gave Bilow the alternative right to accept the deposit as liquidated damages or to enforce the contract in an action for specific performance or damages should Benoit fail to perform his part of the bargain.[1] This provision is neither inconsistent with nor mutually exclusive of the handwritten provision authorizing use of the deposit monies.
*1118 No testimony or other evidence was presented at the hearing to support Benoit's contention that the addition of the special handwritten language to the printed contract authorizing disbursements of the deposit constituted an election to limit Benoit's obligation to payment of the deposit as liquidated damages and forego Bilow's right to enforce the contract in court. Benoit did not seek reformation of the contract on grounds that the handwritten provision was not properly a part of the contract. Although Benoit disputed that the handwritten provision was added at the time the contract was signed as contended by Bilow, he does not contend that this provision was never agreed to by the parties. Moreover, Bilow's closing of her ice cream shop in reliance on the contract with Benoit raises strong equities in favor of specific performance.
Accordingly, the trial court erred in denying specific performance on the basis of the unpled defenses of abandonment or forfeiture and dismissing the damages count as moot. The judgment is reversed and the action is remanded for further proceedings on Bilow's complaint for specific performance or, alternatively, damages if Benoit is unable to specifically perform the contract.
REVERSED AND REMANDED.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Because real property is considered unique, a seller of real property is entitled to seek specific performance of the contract of sale. Henry v. Ecker, 415 So.2d 137 (Fla. 5th DCA 1982), pet. for rev. denied, 429 So.2d 5 (Fla. 1983).