537 So.2d 608 (1988)
UNITED NATIONAL BANK OF MIAMI, Appellant,
v.
AIRPORT PLAZA LIMITED PARTNERSHIP, Appellee.
MILAM DAIRY WAREHOUSE ASSOCIATES, Appellant,
v.
AIRPORT PLAZA LIMITED PARTNERSHIP, Appellee.
Nos. 86-1602, 86-1840.
District Court of Appeal of Florida, Third District.
November 29, 1988.
Rehearing Denied February 15, 1989.
*609 Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Rodger Traynor, Jr., Miami, for appellants.
Kreeger & Kreeger and Julian Kreeger, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.

OPINION ON MOTION FOR REHEARING OF OPINION ENTERED ON MOTION FOR CLARIFICATION
PER CURIAM.
United National Bank, a mortgagee, appeals from a summary final judgment in favor of Airport Plaza, the mortgagor, on a complaint to foreclose a mortgage. Milam Dairy Warehouse, a third-party defendant in the same action, appeals from a partial summary judgment entered in favor of Airport Plaza based on the latter's complaint for fraudulent inducement, securities violations, and a violation of chapter 475, Florida Statutes (1985).
As a defense to United National Bank's complaint to foreclose a real estate mortgage after a default in payments, the defendant, Airport Plaza, claimed that Milam Dairy Warehouse, the assignor of the note and mortgage to United National, had committed acts of fraud which Airport Plaza could assert against United National because the latter was not a holder in due course. Contending that the note lacks the negotiable character necessary to make United National a holder in due course as defined by section 673.302, Florida Statutes (1985), Airport Plaza relies principally on a clause in the note which provides:
It is expressly understood and agreed by each original and successive owner or holder of this Note that nothing herein contained shall be construed as creating any personal liability on Borrower, or any Shareholders therein, to pay this Note or any interest that may accrue hereunder, all such liability, if any, being expressly waived.
Airport Plaza argues that this nonrecourse clause, which insulates the maker from personal liability on the note, destroys the negotiability of the note thereby depriving United National of its holder-in-due-course status. We agree.
In order to qualify as a negotiable instrument a promissory note must contain an unconditional covenant to pay a sum certain in money. § 673.104(1)(b), Florida Statute (1985). Section 673.105(2)(b) provides further that a promise is conditional if the instrument "[s]tates that it is to be paid only out of a particular fund or source except as provided in this section."[1] Because *610 the note made by Airport Plaza specifically provides that the borrower shall have no personal liability, recourse for payment in the event of a default is limited to foreclosure against the secured property. The promissory note is thus rendered conditional. A conditional instrument is not negotiable. Hinckley v. Eggers, 587 S.W.2d 448 (Tex.Civ.App. 1979); See generally Anderson, Uniform Commercial Code § 3-105 (1984). Since under this analysis the note is not negotiable, the bank is not a holder in due course and took the note subject to Airport Plaza's defense of fraud.
After correctly determining that Airport Plaza was entitled to raise the defense of fraud against the bank, the trial court granted summary judgment in favor of Airport Plaza on three alternative grounds: 1) Milam Dairy Warehouse fraudulently induced Airport Plaza to purchase the property; 2) the seller, Milam Dairy Warehouse, violated Florida's Securities and Investor Protection Act, chapter 517, Florida Statutes (1985); and 3) the note and second mortgage were unenforceable because the management contract violated chapter 475, Florida Statutes (1985). Subsequently, the court rescinded the note and mortgage and entered a final judgment against United National and a partial summary judgment against Milam Dairy Warehouse.
A partial summary judgment was improper on two points because there are material issues of fact as to: (1) whether Milam Dairy Warehouse, in its agreement with Airport Plaza, structured a management agreement designed to fail or otherwise perpetrated a fraud; and (2) whether the "common enterprise" requirement of a security was met by the presence of more than one investor. See Brown v. Rairigh, 363 So.2d 590 (Fla. 4th DCA 1978); Blacker v. Shearson Hayden Stone, Inc., 358 So.2d 1147 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1979).
The third alternative basis for rescission, however, may be disposed of as a matter of law. The trial court had concluded that because the Warehouse Management Agreement required brokerage services to be performed contemporaneously with the execution of the Agreement, Milam Dairy Warehouse's failure to obtain a broker's license prior to the execution of the Warehouse Management Agreement rendered the entire real estate transaction void. We disagree. Even if the Warehouse Management Agreement was void under section 475.41, Florida Statutes (1985),[2] with respect to any claim by Milam Dairy Warehouse for a broker's commission, the absence of a license was no basis for rescission of the entire note and mortgage.
In Hardcastle Pointe Corp. v. Cohen, 505 So.2d 1381 (Fla. 4th DCA 1987), it was held that a portion of a contract for real estate consulting services which required the performance of broker services by an unlicensed person was void. The court severed the illegal portion and enforced the remainder of the contract relating to site development and other nonbrokerage duties. Illegal brokerage services called for under the contract were found to be separate and distinct from the site development services.
Here, similarly, the illegal brokerage service portion of the contract does not go to the essence of the agreement  a multimillion dollar sale of real estate. If the broker service agreement is severed, the agreement for the sale of real estate is still wholly supported by valid legal consideration. See Local No. 234 of United Ass'n of Journeymen v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953) (contract will be enforced where illegal portion does not go to essence of contract and where it is still supported by valid legal promises on both sides after illegal portion is eliminated); *611 Slusher v. Greenfield, 488 So.2d 579 (Fla. 4th DCA 1986) (same). See also Title & Trust Co. v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985) (court will give effect to valid contract terms and ignore invalid terms in order to carry out contract's essential purpose). Consistent therewith, Article III of the Second Mortgage and Security Agreement provides for severance of its provisions:

Severability. If any provision of this Mortgage or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Mortgage and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.
The existence of an illegal agreement for brokerage services did not, alone, require rescission of the entire contract.
We affirm the trial court's determination that United National Bank is not a holder in due course. The partial summary judgment entered against Milam Dairy Warehouse is reversed because there are material factual issues concerning Airport Plaza's allegations of fraud and securities violations. Since Airport Plaza's defense against United National's foreclosure action depends on establishing fraud or a securities law violation by Milam Dairy Warehouse, the summary judgment in the foreclosure action must also be reversed. The provision in the management agreement for broker services is declared void. Unless the facts show, after a trial, that the contract is otherwise unenforceable, the court must determine what portion of the fee paid for management services was for broker services.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] Where the instrument is issued by a government or governmental agency or unit a limitation to payment out of a particular fund or source does not destroy negotiability. § 673.105(1)(g).
[2] Contracts of unlicensed person for commissions invalid.  No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or salesman has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed.