PER CURIAM.
We affirm the lower court’s disposition of the claims raised on the main appeal and reverse the lower court’s finding that JMG was not entitled to prejudgment interest.
Ganot is a development corporation which owned land and had it platted for a single family residential development known as Vernon Heights. Five of the lots, numbered 37, 38, 109, 110 and 111, were sold to JMG and JMG built homes on these lots and sold them to third parties. GANOT and JMG agreed that JMG would pay GANOT a 7% commission on the final sale of each of the finished lots. JMG in fact paid the commission on the first three lots sold.
JMG’s refusal to pay the balance due on promissory notes covering its purchase of lots 109 and 110, and JMG’s refusal to pay the 7% commission due on the sale of these two lots prompted Ganot to file suit.
JMG counterclaimed for return of the commissions paid to Ganot on grounds that Ganot was not entitled to collect a sales commission for any of the lots because, although it placed itself in the position of a broker with regard to the sale of the five lots, it was not a licensed broker and was not, by law, entitled to a fee.
The trial court awarded Ganot the balance due on the promissory notes for the purchase of lots 109 and 110. We affirm this award.
As for the 7% commissions paid by JMG, the record supports the lower court’s conclusion that Ganot functioned as a broker in the sale of the lots owned by JMG and Ganot concedes that it was not a licensed broker at that time. According to *805 law Ganot was not entitled to a commission on the sale of JMG’s property and the commissions paid on this basis were correctly refunded to JMG. See sections 475.-01 and 475.41 Fla.Stat. (1987); Hardcastle Pointe Corp. v. Cohen, 505 So.2d 1381 (Fla. 4th DCA 1987); United National Bank of Miami v. Airport Plaza Ltd. Partnership, 537 So.2d 608 (Fla. 3rd DCA 1988).
Finally, JMG was entitled to prejudgment interest on the award. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). However JMG contends that the interest should be calculated from the date the funds were paid, while Ganot contends that interest is due only from the time a demand is made or suit is instituted to collect the funds. The record shows that the parties were not aware of any illegality in the 7% commission provision of their contract until JMG raised its counterclaim. Therefore Ball v. Public Health Trust of Dade County, 491 So.2d 608 (Fla. 3rd DCA 1986) controls and makes prejudgment interest due from the time of demand which, in this case, was made on the filing of JMG’s second amended counterclaim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.