ON MOTION FOR REHEARING
PER CURIAM.
This case is before us to review a judgment entered after a nonjury trial on Airport Plaza's claim that Milam Dairy Warehouse, the seller in a real estate transaction, fraudulently induced the buyer, Airport Plaza Limited Partnership, into purchasing a warehouse complex. We affirm the trial court’s finding that there was no fraud.
Airport Plaza, faced with foreclosure proceedings against it for defaulting on its mortgage payments to United National Bank, filed a third-party complaint against Milam Dairy Warehouse. The complaint sought rescission alleging that Milam Dairy had made fraudulent misrepresentations concerning two facts: (1) its selling agent’s possession of a broker’s license; and (2) the seller’s knowledge regarding the anchor tenant’s intentions of renewing its lease.
Airport Plaza originally obtained a summary judgment ordering rescission based on the licensing issue. We reversed that summary judgment in United Nat’l Bank v. Airport Plaza Ltd., 537 So.2d 608 (Fla. 3d DCA1988), on a holding that the absence of a broker’s license was no basis for rescission. The case was then remanded for a determination of the remaining factual issues raised by Airport Plaza’s allegations of fraud and securities violations. After a trial on remand, the court found that “the buyers were not deceived by anything the sellers said or did, or failed to say or do.” Evidence in the record renders the finding unassailable.
*1257 First, the theory of fraud argued by Airport Plaza at trial was never raised in the pleadings. Both the third-party complaint and the amended third-party complaint set forth a theory of misrepresentation based on Milam’s alleged knowledge that the anchor tenant would not be renewing its lease on the same terms after its present lease expired. Nonetheless, at trial, Airport Plaza’s claim of fraud was grounded on the seller’s alleged misrepresentations concerning the timeliness and amount of rent Milam Dairy was receiving from the anchor tenant prior to the sale. The issue of pre-sale rent collections was never raised in the pleadings and counsel for Milam Dairy vehemently objected to the newly-raised theory of fraud. Further, neither before nor after trial did Airport Plaza seek leave to amend its pleadings to conform to its new theory. We agree with Milam Dairy that it was improper to introduce at trial issues not previously raised in the pleadings. Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980) (amendment to pleadings is generally necessary where issues sought to be litigated are not raised by pleadings).
Second, the issue of pre-sale rent collections was irrelevant under the circumstances of this case. It is undisputed that after the sale, the anchor tenant paid all post-closing rents. Because full rent was paid after the closing, the amount of rent actually paid by the anchor tenant prior to the sale was a non-issue.
Finally, even if the issue of pre-sale rent collections had been properly before the court, there was substantial competent evidence to support the trial court’s findings that the sellers made no material misrepresentations [1] concerning pre-sale rent collections. Specifically, the court found:
1.The anchor tenant’s lease was not in default when the contract was entered into or at the time of the closing;
2. The buyer did not rely on any particular level of rent collections when signing the contract or at closing;
3. The sellers fully disclosed the actual rent collections from the buildings;
4. The variance between the rent stated in the leases and the actual total receipts was readily observable;
5. The buyers were not deceived by anything the sellers said or did, or failed to say or do.
It is undisputed that the prime tenant was behind in its rent prior to the sale, a fact that was easily ascertainable by Airport Plaza. However, at no time was the five-day notice of default clause ever invoked nor were the personal guarantors called on to pay any rent. Milam Dairy also presented testimony that documentation was available to the sophisticated appellant showing that revenues received were less than what was required to meet the lease obligation.
Other testimony at trial showed that the buyers anticipated a higher level of rent, in an improved market, than that which was established by the existing lease with the anchor tenant. When the existing lease expired, about eighteen months after the closing, the market for warehouse space had declined. In order to keep the tenant, Airport Plaza gave a new lease on a month-to-month basis at a lower rent. The record suggests, consistent with the trial judge’s conclusion, that Airport Plaza’s losses were occasioned by an unexpected collapse of the commercial real estate market and not by fraud on the part of Milam Dairy Warehouse.
After careful review of the extensive record we conclude that all of the judge’s findings are supported by competent and substantial evidence, which precludes disturbance by this court. Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990); Lewy v. *1258 Wohl, 561 So.2d 12 (Fla. 3d DCA 1990); Marrone v. Miami Nat’l Bank, 507 So.2d 652 (Fla. 3d DCA 1987).
Affirmed.
FERGUSON and GODERICH, JJ., concur.

. In order to support a claim for fraudulent misrepresentation, the false statement alleged to have been relied upon must be material. Eastern Cement v. Halliburton Co., 600 So.2d 469 (Fla. 4th DCA 1992); McCloskey v. Fonseca, 587 So.2d 575 (Fla. 3d DCA 1991); W. Prosser & W. Keeton, The Law of Torts § 108 (5th ed. 1988).