KELLY, Judge.
 

 Paul Pakalski appeals from the final judgment dismissing his second amended complaint with prejudice. In his complaint, Pakalski (the seller) sought specific performance of a land contract breached by CFC Pasadena Golf, LLC (the buyer). The court dismissed the action on the basis that the seller’s retention of a nonrefundable deposit precluded the seller from also seeking specific performance. We reverse because under the terms of the contract the disbursement and retention of that deposit was unrelated to the seller’s remedies in the event of a breach of the contract.
 

 Using a preprinted form, the parties entered into a land sales contract that required the buyer to make two deposits: a $5000 initial deposit and a $150,000 “additional deposit” forty-five days later. The form included a section in which the parties could list additional terms. Included in this section was a provision stating:
 

 
 *870
 
 18.D. The Additional Deposit amount of $150,000.00 is non refundable upon payment and will be immediately disbursed to the Seller and Escrow Agent is authorized to make such disbursement without further authorization.
 

 The contract also contained a provision specifying the parties’ rights in the event of a default. That provision states:
 

 13. DEFAULT: (a) Seller Default: If ... Seller fails, refuses or neglects to perform this Contract, Buyer may choose to receive a return of Buyer’s deposit without waiving the right to seek damages or to seek specific performance .... (b) Buyer Default: If Buyer fails to perform this Contract ... Seller may choose to retain and collect all deposits paid and agreed to be paid as liquidated damages or to seek specific performance.
 

 The buyer paid both deposits but ultimately breached the contract by failing to close the transaction and pay the balance of the purchase price. The seller left the $5,000 initial deposit in escrow and sued the buyer seeking specific performance of the contract and damages. The buyer moved to dismiss the complaint for failure to state a cause of action alleging that the seller elected his remedy by retaining the additional deposit as liquidated damages, thus precluding the seller from also seeking specific performance. The court dismissed the second amended complaint with prejudice, ruling that the seller’s claims were inconsistent with the contract and that they could not be amended to state a cause of action.
 

 The facts here are similar to those before the court in
 
 Bilow v. Benoit,
 
 519 So.2d 1114 (Fla. 1st DCA 1988). In
 
 Bilow,
 
 the parties entered into a land sales contract that provided for the buyer to pay a $5000 deposit. The parties added a handwritten clause at the end of the printed contract specifying that $1500 of that deposit would be paid to the seller immediately. The contract also provided that in the event the buyer breached, the seller could retain the deposit or alternatively seek specific performance. As is the case here, after defaulting the buyer argued that the seller, by accepting and using a portion of the deposit money, had elected to accept the deposit as liquidated damages and thus was precluded from seeking specific performance.
 

 • The court rejected the buyer’s argument that the seller had elected her remedy under the contract stating, “[W]e hold that Bilow’s use of the monies in accordance with the contract terms is insufficient to support a finding that Bilow elected to accept the deposit as liquidated damages. The parties agreed both to an explicit use of the deposit monies and to the remedies” specified elsewhere in the contract.
 
 Id.
 
 at 1117. The court went on to explain that the provision in the contract giving the seller the alternative right to retain the deposit or seek specific performance in the event of a breach was “neither inconsistent with nor mutually exclusive of the handwritten provision authorizing use of the deposit monies.”
 
 Id.
 

 Likewise, we conclude that the seller, simply by accepting and retaining the deposit as contemplated in the provision added to section 18.D. of the parties’ contract, did not elect to accept that deposit in lieu of pursuing a claim for specific performance in the event of a breach. As was the case in
 
 Bilow,
 
 nothing in the record indicates that adding the provision authorizing the immediate disbursement of the additional deposit amounted to an election to forego the seller’s right to enforce the contract by suing for specific performance if the buyer failed to perform. Accordingly, we reverse the order dismissing the
 
 *871
 
 second amended complaint and remand for further proceedings.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and KHOUZAM, J., Concur.