# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1141; 3D14-1137; 3D13-3057
Lower Tribunal Nos. 13-27; 13-2406

_____

**Rener Da Cunha, etc., et. al.,**
Appellants,

vs.

**Shmuel Mann, et. al.,**
Appellees

Appeals from the Circuit Court for Miami-Dade County, Maria M. Korvick, Judge.

Boldt Law Firm, Kimberly L. Boldt and Jeffrey D. Mueller and Mario R. Giommoni (Boca Raton); Hoffman & Hoffman, P.A., John Hoffman and Theresa Hoffman; Dorot & Bensimon, P.L., and Datan Dorot, for appellants.

The Bernstein Law Firm, Michael I. Bernstein and Jason B. Pear; Therrel, Baisden, P.A., Jonathan Feuerman, for appellees.

Before ROTHENBERG, LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

Rener Da Cunha, etc., et al., appeal the trial court's Final Judgment of

Declaratory Relief recognizing Shmuel Mann, et al.'s rights, pursuant to a

Memorandum of Understanding. Da Cunha also appeals the Order Granting Joint Motion to Compel Compliance with Settlement Agreement. We strike paragraph fifteen of the Final Judgment of Declaratory Relief, and reverse the Order Granting Joint Motion to Compel Compliance with Settlement Agreement because the trial court's orders effectively disposed of an issue that was neither pled nor litigated, and the court disposed of the issue without a party's consent.

The Ira S. Barton Revocable Trust ("Barton Trust") created two subtrusts upon Dr. Ira S. Barton's death: (1) a minor trust for the sole benefit of the minor child of Da Cunha ("Minor Trust"), and (2) a trust for the benefit of the Ira S. Barton Chessed Foundation, Inc. ("Chessed Foundation"). Bramco, LLC was a company intended to provide management services to the businesses and entities that funded the Chessed Foundation. The Barton Trust also provided for the distribution of the parties' membership interests in Bramco, LLC.

Rener Da Cunha is one of several appellants, each of whom is a beneficiary under the Barton Trust.[1] The trustees of the Barton Trust consist of the appellees who are also the trustees of the Chessed Foundation.[2] Those with membership interests in Bramco, LLC include all of the appellants and appellee Shmuel Mann.[3]

---

[1] The other appellants include Daniela Da Cunha, Luis Quevedo, and Olivia Botero.

[2] The appellees include Asher Dadon, Eyal Anavim, David Shapiro, Joseph Duchman, and Barbara Williamson.

Mann filed a Motion for Final Summary Judgment for Declaratory Relief. He sought to be named trustee of the Minor Trust, and recognition that the Barton Trustees had issued the respective interests in Bramco, LLC to the beneficiaries designated in the Barton Trust. In paragraph fifteen of the Final Judgment of Declaratory Relief, the trial court ordered as follows:

> Subject to the reservation of rights by the Trustees of the Ira S. Barton Revocable Trust relating to the Memorandum of Understanding . . . all the membership interests in Bramco, LLC have been distributed by the Trustees of the Ira S. Barton Revocable Trust to the parties set forth in Paragraph 14 above effective as [of] September 23, 2013.

After the hearing on the motion for final summary judgment, Mann's counsel provided the trial court with a proposed order on the Motion for Final Summary Judgment for Declaratory Relief. Da Cunha alleged that paragraph fifteen of the Final Judgment of Declaratory Relief was not included in the approved order, but was somehow inserted in the order that circulated after the hearing. Da Cunha moved for rehearing. The trial court summarily denied the motion.

Mann thereafter filed a Joint Motion to Compel Compliance with Binding Settlement Agreement with Incorporated Memorandum of Law. Da Cunha opposed the motion, after which the trial court concluded that the Memorandum of Understanding constituted a binding and enforceable agreement.

---

3       Mann is also the current trustee of the Minor Trust.

Da Cunha filed a Motion to Stay Pending Appeal, which this Court granted. He also filed a Motion to Strike and Objection to Joint Motion to Compel Compliance with Binding Settlement Agreement. Da Cunha asserts that we should strike paragraph fifteen from the trial court's Final Judgment of Declaratory Relief and reverse the Order Granting Joint Motion to Compel Compliance with Settlement Agreement. We agree.

We review a motion to grant summary judgment *de novo*. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000). If "an issue was not presented by the pleadings nor litigated . . . during the hearing on the pleadings . . . decree adjudicating [the] issue is, at least, voidable on appeal." Dysart v. Hunt, 383 So. 2d 259, 260 (Fla. 3d DCA 1980); Rotta v. Rotta, 34 So. 3d 107, 107-08 (Fla. 3d DCA 2010)(vacating a $400,000 judgment entered in favor of the husband because the relief was never pled, asserted, claimed in any other fashion, or a subject of the trial); Airport Plaza Ltd. P'ship v. United Nat'l Bank of Miami, 611 So. 2d 1256, 1257 (Fla. 3d DCA 1992)(holding that it is "improper to introduce at trial issues not previously raised in the pleadings").

The trial court may only adjudicate an issue that was not pled if it was tried with the opposing party's express or implied consent. Dysart, 383 So. 2d at 260. Implied consent is given in one of two ways. See Bilow v. Benoit, 519 So. 2d

4

1114, 1116 (Fla. 1st DCA 1988). One way a party can give implied consent is when the party fails to object to issues that were raised in the pleadings. Id. Another way a party gives implied consent is when the party fails to object to questions and answers given at trial that were irrelevant to the issues raised in the pleadings. Id.

Mann asserts that the Final Judgment of Declaratory Relief should be upheld because it did not adjudicate any rights of the parties, and Da Cunha gave express or implied consent. We disagree with this assertion. Even if the trial court did not adjudicate the rights of the parties, the court raised an issue not contained in the pleadings when it recognized the rights of the trustees under the Memorandum of Understanding. Additionally, Da Cunha objected to the order on the Motion for Final Summary Judgment for Declaratory Relief and did not give consent.

As this Court stated in Airport Plaza Ltd. Partnership, it is improper to introduce at trial an issue which the parties did not raise in their pleadings. Airport Plaza Ltd. P'ship, 611 So. 2d at 1257. In that case, the appellants sought rescission of a contract and alleged that the appellees made two fraudulent misrepresentations in their complaint. Id. at 1256. At trial, the appellants alleged a new, third misrepresentation. Id. at 1257. The trial court did not consider the third misrepresentation when it ruled against the appellants. Id.

5

First, neither Da Cunha nor Mann pled the existence or validity of the Memorandum of Understanding in any of their pleadings. None of the petitions, responses, answers, or motions filed at the time of the hearing on the Motion for Final Summary Judgment for Declaratory Relief raised the parties' rights under the Memorandum of Understanding as an issue before the trial court. Moreover, none of these documents even mentioned the Memorandum of Understanding.

Furthermore, Mann could have created a separate breach of contract action to enforce the Memorandum of Understanding as a binding agreement. Despite failure to do so, the trial court determined that "[s]ubject to the reservation of rights by the Trustees of the Ira S. Barton Revocable Trust relating to the Memorandum of Understanding . . . all the membership interests in Bramco, LLC have been distributed by the Trustees." It was not until the filing of the Joint Motion to Compel Compliance with Binding Settlement Agreement with Incorporated Memorandum of Law that Mann actually raised this issue before the trial court.

Second, as we already mentioned, Da Cunha objected to the order on the Motion for Final Summary Judgment for Declaratory Relief. Additionally, Da Cunha did not give express or implied consent. Mann contends that Da Cunha's support of the Motion for Final Summary Judgment for Declaratory Relief, his failure to reject money he received from the dissolution of Bramco, LLC, and his

6

consent to the summary judgment order are evidence of Da Cunha's express or implied consent to determine whether the parties had rights under the Memorandum of Understanding. This contention is misplaced.

The Motion for Final Summary Judgment for Declaratory Relief did not raise the issue of the binding nature of the Memorandum of Understanding. It merely recognized distribution of the Barton Trust. Further, the Motion for Final Summary Judgment for Declaratory Relief never mentions the Memorandum of Understanding, does not address the Memorandum of Understanding's binding nature, and does not assert any rights or obligations of the parties under the Memorandum of Understanding. Da Cunha's failure to reject the money he received as a result of the Memorandum of Understanding also fails to demonstrate implied consent for the court to adjudicate the Memorandum of Understanding as a binding and enforceable agreement.

Da Cunha contends, as he did below, that he did not expressly approve the order on the Motion for Final Summary Judgment for Declaratory Relief because a different order circulated for approval. He alleges that paragraph fifteen was added after the parties approved the original fourteen-paragraph order. On review, this Court must consider the evidence in the light most favorable to, and draw all competing inferences in favor of, the nonmoving party. <u>Estate of Marimon ex rel.</u>

<u>Falcon v. Florida Power & Light Co.</u>, 787 So. 2d 887, 890 (Fla. 3d DCA 2001). Da Cunha thus did not expressly consent to the order.

In conclusion, we strike paragraph fifteen from the Final Summary Judgment of Declaratory Relief. Additionally, we reverse the Order Granting Joint Motion to Compel Compliance with Settlement Agreement that adjudicated the Memorandum of Understanding a binding and enforceable agreement, and remand to the trial court to allow Da Cunha to assert defenses to the Settlement Agreement.

Reversed and remanded with instructions.