# Supreme Court of Florida

---

No. SC2023-0701

---

## IN RE: AMENDMENT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.130.

July 6, 2023

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Appellate Procedure 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

In a concurrent opinion, we held that the First District Court of Appeal did not have the authority to perform certiorari review of a trial court's denial of a motion to dismiss a medical malpractice action under chapter 766, Florida Statutes. *Univ. of Fla. Bd. of Trs. v. Carmody*, No. SC2022-0068 (Fla. July 6, 2023). However, we acknowledged that "the Medical Malpractice Act changed the law such that an interlocutory remedy for parties facing claims that fail to satisfy its presuit requirements is warranted." *Id.* at 3.

Accordingly, we now amend Florida Rule of Appellate Procedure 9.130(a)(3) to provide for interlocutory review of nonfinal orders that deny a motion to dismiss on the basis of the qualifications of a corroborating witness under subsections 766.102(5)-(9), Florida Statutes. We identify subsections (5)-(9) because those are the subsections that articulate the qualifications of a corroborating expert witness. And we amend the rule to provide for interlocutory review only when these particular motions to dismiss are *denied*, as an order *granting* such a motion to dismiss would as a general matter result in the plaintiff's case being dismissed without prejudice. *See Morgan v. Blancher*, 489 So. 2d 1217, 1218 (Fla. 2d DCA 1986) ("An order of dismissal with leave to amend is not appealable because it is a nonfinal order.").

We amend rule 9.130 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment previously, interested persons shall have seventy-five

days from the date of this opinion in which to file comments with the Court.[1]

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., dissents with an opinion.
SASSO, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

I respectfully dissent to the majority's decision to amend Florida Rule of Appellate Procedure 9.130 on its own motion. This amendment will permit interlocutory review of nonfinal orders that deny motions to dismiss on the basis of the qualifications of a

---

1. All comments must be filed with the Court on or before September 19, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

corroborating witness in medical malpractice cases. A rule change of this magnitude should be referred to the appropriate committee for consideration and recommendations *prior* to its adoption.

Original Proceeding – Florida Rules of Appellate Procedure

**RULE 9.130.   PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)   Applicability.**

(1)-(2)      [No Change]

(3)      Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A)-(E)      [No Change]

(F)      deny a motion that:

(i)-(ii)      [No Change]

(iii)      asserts entitlement to sovereign immunity; or

(G)      grant or deny a motion for leave to amend to assert a claim for punitive damages.; or

(H)   deny a motion to dismiss on the basis of the qualifications of a corroborating expert witness under subsections 766.102(5)-(9), Florida Statutes.

(4)-(5)      [No Change]

**(b)-(i)**      [No Change]

**Committee Notes**

[No Change]