557 So.2d 145 (1990)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Post, BUCKLEY, SCHUH & JERNIGAN and Misener Marine Const., Inc., Appellees.
No. 89-982.
District Court of Appeal of Florida, First District.
February 13, 1990.
Rehearing Denied March 21, 1990.
Thomas H. Bateman, III, Gen. Counsel and Gregory G. Costas, Appellate Atty., Dept. of Transp., Tallahassee, for appellant.
John M. Fite of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee Post, Buckley, Schuh and Jernigan.
F. Alan Cummings, Mary M. Piccard and George E. Spofford, IV, of Cummings, Lawrence & Vezina, P.A., Tallahassee, for appellee Misener Marine Const., Inc.
JOANOS, Judge.
The Department of Transportation has appealed an order of the trial court dismissing for lack of subject matter jurisdiction its complaint against appellees. We reverse.
In August 1986, the Department filed a complaint against appellees Post, Buckley, Schuh and Jernigan, and Misener Marine Construction Co., Inc., alleging negligence *146 and breach of contract relating to the construction of certain bridges in the Florida Keys. By order dated August 8, 1988, but not filed until August 17, 1988, the trial court ruled on the complaint as follows:
Pursuant to Fla.R.Civ.P. 1.420(e), the above cause stands dismissed for failure to prosecute subject to reinstatement for good cause shown by motion filed within 20 days from the date of this order.
No hearing was held on the order, nor did the Department appeal or seek rehearing. Rather, it filed a response on September 6, 1988, setting forth various explanations for the failure to prosecute. The trial court thereupon reinstated the case by order dated December 1, 1988, and the Department filed an amended complaint which was served on appellees in January 1989.
Appellees thereafter filed a motion to dismiss, contending that, since no good cause had been shown within 20 days of the order dated August 8, 1988, as of August 29, 1988, the case had stood dismissed without further order of the court. Consequently, it was urged, the trial court had no jurisdiction to reinstate the case by its December 1, 1988 order. After a March 1989 hearing, the trial court entered the order appealed finding that it had no jurisdiction to proceed. The court found that by the terms of the order, the Department was required to respond within 20 days of August 8, 1988, and that the Department had neither filed a timely response, nor appealed or sought rehearing. The court therefore concluded that, after August 28, 1988, it had had no further jurisdiction to proceed.
We find that the resolution of this case turns on the question of finality as to the August 1988 order of the trial court purporting to dismiss the Department's complaint for failure to prosecute. A party has ten (10) days from the date on which a final order is filed in which to move for rehearing. Rule 1.530(b), Florida Rules of Civil Procedure. A trial court's jurisdiction over a case ends if no motion for rehearing is filed before the expiration of that period, Roosa v. Roosa, 519 So.2d 1108, 1109 (Fla. 4th DCA 1988). Here, the order was filed on August 17, 1988, and the Department filed no motion for rehearing thereof. Therefore, if the order was final, the trial court had no jurisdiction to reinstate the Department's complaint in December 1988.
In our view, however, the order was not final. The trial court ruled that "the above cause stands dismissed for failure to prosecute subject to reinstatement for good cause shown by motion filed within 20 days from the date of this order" (emphasis supplied). By this language, the trial court both indicated that no dismissal would occur if the Department made a showing of good cause, and purported to extend its jurisdiction beyond the 10-day rehearing period to entertain that showing. These factors militate in favor of the conclusion that the trial court's August 1988 order was not intended to be, and was not, a final order dismissing the case for failure to prosecute. Therefore, the Department's failure to seek rehearing did not deprive the trial court of jurisdiction to reinstate the case in December 1988.
The order of the trial court dismissing the Department's amended complaint for lack of subject matter jurisdiction is reversed, and the case is remanded for further proceedings.
BOOTH and ALLEN, JJ., concur.