576 So.2d 910 (1991)
Alfonson Detroy PONTON and Reginald J. Williams, Appellants,
v.
Officer B.E. GROSS, et al., Appellees.
No. 90-3707.
District Court of Appeal of Florida, First District.
March 26, 1991.
*911 Alfonson Ponton, pro se appellant.
Joe Belitzky, Asst. Atty. Gen., Tallahassee, for appellees.
PER CURIAM.
Appellees have moved to dismiss this appeal arguing that the notice of appeal is untimely. We dismiss the appeal but for reasons other than the one asserted by the appellees.
Appellants filed a complaint seeking damages pursuant to 42 U.S.C. § 1983. On July 31, 1990, the trial judge signed an order titled "Order Requiring Plaintiffs to File a Reasonably Legible Amended Complaint and Sanctions." This order was not rendered as defined by Florida Rule of Appellate Procedure 9.020(g) until August 10, 1990. The order of the trial court allowed the plaintiffs until October 15, 1990, to file an amended complaint which complied with Florida Rules of Civil Procedure 1.100 and 1.110. The trial court also required that the amended complaint be legible. If plaintiffs failed to file the amended complaint within the time allowed, the order provided that the "Civil Action shall stand dismissed effective 00:01 a.m. on 16 October 1990."
Plaintiffs did not file an amended complaint, nor was a subsequent order issued by the trial court. In the record, there is a memorandum dated November 21, 1990, from the trial judge to the circuit court clerk stating that because plaintiffs did not file an amended complaint the case had been dismissed in accordance with the order signed July 31, 1990. Appellants were notified by a clerk's letter dated November 27, 1990, that the case was dismissed. A notice of appeal was filed on December 6, 1990.
Appellees now move to dismiss, arguing that the notice of appeal is untimely as it was not filed within 30 days of the order rendered by the trial court. Appellees assert that the order was "entered" July 31, 1990. The date the order is signed is not controlling. Although the trial judge may have signed the order on July 31, 1990, the order was not rendered for purposes of calculating the time for taking an appeal until a signed, written order was filed with the clerk of the lower tribunal. Rule 9.020(g). Accordingly, the order was not rendered until August 10, 1990.
Although we have determined that the order was rendered August 10, 1990, the order is not a final order for purposes of taking an appeal. The trial court's order contains a contingency allowing the proceedings to continue if plaintiffs filed an amended complaint. The trial court's order of August 10, 1990, was not intended to be and cannot be a final order dismissing the case for failure to file a legible complaint. See Department of Transportation v. Post, Buckley, Schuh and Jernigan, 557 So.2d 145 (Fla. 1st DCA 1990). Nor could the trial court make the order final on some future date conditioned on the failure of appellants to file an amended complaint. Otherwise, on the facts of this case, the time for appeal of the order rendered August 10 would have run before the time for filing the amended complaint expired. There must be a separate final order entered which disposes of the case and which is properly rendered as defined by Rule 9.020(g). Hancock v. Piper, 186 So.2d 489 *912 (Fla. 1966). If appellants are unable or unwilling to amend the complaint to correct the defects, the proper course is to so advise the court and request entry of a final order of dismissal with prejudice which may be appealed. Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991).
As no appealable final order has been rendered, this appeal is dismissed for lack of jurisdiction.
SHIVERS, C.J., ERVIN, J., and WENTWORTH, Senior Judge, concur.