685 So.2d 945 (1996)
Stephen KLEIN and Karen Klein, Husband and Wife, Appellants,
v.
PINELLAS COUNTY, Florida, a Political Subdivision of the State of Florida, and King Engineering Associates, Inc., a Florida Corporation, Appellees.
No. 95-05142.
District Court of Appeal of Florida, Second District.
December 20, 1996.
Eric C. Pinkard of Pinkard and Viggiano, P.A., Tampa, for Appellants.
John E. Schaefer, Assistant County Attorney, Clearwater, for Appellee Pinellas County.
PER CURIAM.
The appellants, Stephen Klein and Karen Klein, husband and wife, challenge the trial court's order which granted in part and denied in part the appellees', Pinellas County, Florida, a political subdivision of the State of Florida, and King Engineering Associates, Inc., a Florida corporation, motions to dismiss the appellants' third amended complaint. We dismiss this appeal for lack of jurisdiction.
On May 31, 1995, the appellants filed a third amended complaint for damages that resulted from a bicycle accident on the Pinellas Trail. The complaint alleged that the appellant Mr. Klein was riding his bicycle on the trail when he veered off of the road to avoid a collision with another bicyclist. As a result, he fell down a steep ravine and sustained injuries. The complaint alleged that the appellee county was responsible for that portion of the trail where the accident occurred.
The appellees filed motions to dismiss the appellants' third amended complaint, and after a hearing, the trial court dismissed some of the counts in the amended complaint with prejudice. However, count II (negligent construction of the trail) was dismissed without prejudice and the trial court ordered that the count could be amended if the appellants in good faith alleged that the trail at the location *946 in question was not constructed by the appellee county according to design plans.
The appellants subsequently served a notice of inability to plead in response to the trial court's dismissal of count II. Although a final order of dismissal was not entered, a timely notice of appeal followed.
An order of dismissal with leave to amend is not appealable because it is a nonfinal order. Morgan v. Blancher, 489 So.2d 1217 (Fla. 2d DCA 1986). There must be a separate final order entered which disposes of the case and which is properly rendered as defined by Florida Rule of Appellate Procedure 9.020(g). Ponton v. Gross, 576 So.2d 910 (Fla. 1st DCA 1991). In the instant case, the proper course of conduct would have been for the appellants to have requested entry of a final order of dismissal with prejudice after informing the court that they were unable or unwilling to amend. Ponton, 576 So.2d at 912. Since this procedure was not followed, it is therefore a nonfinal order and not appealable.
Accordingly, we dismiss the appeal for lack of jurisdiction.
CAMPBELL, A.C.J., and SCHOONOVER and PATTERSON, JJ., Concur.