COPE, Judge.
Lynbrook Court Condominium Association appeals an order which Lynbrook characterizes as one which grants relief from judgment by reinstating an action which was dismissed for failure to prosecute. We conclude that the order under review is not appealable, and dismiss the appeal.
After eleven months without record activity in this case, the trial court sua sponte entered an order which stated:
THE COURT has examined the file in the above styled cause and there appears *250 to have been no genuine action by any party for a sufficient period to indicate that • the herein matter is still active. Therefore, it is hereby ORDERED that this matter shall stand dismissed thirty (30) days from the date of this Order unless it appears that this matter is diligently being prosecuted in good faith within that period of thirty (30) days.
By the court’s own account, this order was intended to serve as a “wake up call” to alert counsel for plaintiffs-appellees that the one year failure-to-prosecute period[1] was about to expire and that forward motion would be required in order to retain the case on the docket. Plaintiffs were awakened and responded by setting a hearing on the defendant’s pending motion to dismiss. Plaintiffs did not, however, move to vacate the ,sua sponte order.
At a status conference after the thirty-day period expired, the defendant argued that the sua sponte order was a final order of dismissal. Defendant contended that since there had been neither a motion for rehearing nor a notice of appeal, it followed that the case had been finally dismissed.
Rejecting this argument, the trial court ruled that the case had not been dismissed and remained pending. The defendant has appealed.
We concur with the trial court’s analysis. The sua sponte order was a conditional order of dismissal. See Ponton v. Gross, 576 So.2d 910, 911 (Fla. 1st DCA 1991); Department of Transp. v. Post, Buckley, Schuh & Jernigan, 557 So.2d 145, 146 (Fla. 1st DCA 1990). It required only that the plaintiffs take steps to make “it [appear] that this matter is diligently being prosecuted in good faith within that period of thirty (30) days.” The trial court found that plaintiffs had satisfied the condition by taking action to advance the case. It follows that the dismissal order did not take effect and the trial court correctly ruled that it continued to have jurisdiction over the cause.
It follows that this appeal is taken from a nonappealable order, and must be dismissed. See Marsh & McLennan, Inc. v. Aerolineas Nacionales Del Ecuador, 530 So.2d 971 (Fla. 3d DCA 1988) (en banc). The appellant’s theory of jurisdiction was that the dismissal order had been effective to dismiss the action, and that the order now under review was an order granting relief from judgment under Rule 1.540, by reinstating the dismissed action. See Allstate Ins. Co. v. Bucelo, 650 So.2d 1128, 1129-30 & n. 1 (Fla. 3d DCA 1995) (where dismissed action is reinstated pursuant to Florida Rule of Civil Procedure 1.540, order is appealable under Florida Rulé of Appellate Procedure 9.130(a)(4)). For the reasons already explained, in reality there was no dismissal. The trial court’s ruling at status conference that it continued to have jurisdiction of this case was simply a nonappealable interlocutory order. It follows that the appeal must be dismissed.
Appeal dismissed.[2]

. See Florida Rule of Civil Procedure 1.420(e).

. As illustrated by this case, the form of the sua sponte order can cause confusion and uncertainty over issues of finality. See Ponton, 576 So.2d at 911; Post, 557 So.2d at 146. A different form of order would be preferable.