KLEIN, J.
In 1992 appellant plaintiff purchased a used 1990 Plymouth Voyager from defendant which turned out to be a salvage car. When plaintiff complained, defendant agreed to take care of the problem, and in 1993 she traded the Plymouth in for a Dodge Caravan. Plaintiff subsequently sued for fraud in the inducement and deceptive and unfair trade practices grounded on both the sale of the first vehicle and the lease of the second.
The contract appellant executed when she purchased the first vehicle contained a binding arbitration clause, but the lease agreement for the second vehicle did not. The trial court granted defendant’s motion to stay and compelled arbitration of all of the claims.
Plaintiff subsequently moved to file an amended complaint, deleting the allegations based on the first transaction, and alleging only wrongful acts by the defendant concerning the lease of the second vehicle. The purpose of the amendment was to avoid having to arbitrate. The court denied the motion for leave to file an amended complaint, ordering plaintiff to “arbitrate within thirty days or case dismissed without prejudice.”
Plaintiff filed another motion for leave to amend, again limiting the allegations to the lease transaction, which the court denied in a written order, reiterating that plaintiffs claims had to be arbitrated. Plaintiff appeals this order.
Defendant has moved to dismiss the appeal, arguing that the earlier order denying leave to amend and requiring plaintiff to arbitrate or suffer dismissal was the appeal-able order. In Lynbrook Court Condominium Ass’n v. Arana, 711 So.2d 249, 250 (Fla. 3d DCA 1998), the trial court entered an order providing that “this matter shall stand dismissed thirty (30) days from the date of this Order unless it appears that this matter is diligently being prosecuted in good faith within that period of thirty (30) days.” The third district held that the conditional order was not a final order, citing Ponton v. Gross, *1167 576 So.2d 910, (Fla. 1st DCA 1991), and Department of Transportation v. Post, Buckley, Schuh & Jemigan, 557 So.2d 145 (Fla. 1st DCA 1990). We agree with those decisions and hold that the conditional order of dismissal in this case was not appealable as an order of dismissal.
In support of her contention that she should have been allowed to amend, plaintiff cites Dryden Waterproofing, Inc. v. Bogará, 488 So.2d 672, 673 (Fla. 4th DCA 1986) (amendments should be “freely granted unless the privilege has been abused or the complaint is clearly not amendable”). She also relies on Lee v. All Florida Construction Co., 662 So.2d 365 (Fla. 3d DCA 1995)(hold-ing that a party cannot be forced to arbitrate a dispute arising from one contract based on an arbitration clause in another contract between the same parties). Plaintiff has not abused the right to amend, nor can it be said that her complaint is not amendable to state a cause of action. We therefore conclude that the court erred in not allowing the amendment.
Reversed.
GUNTHER and TAYLOR, JJ., concur.