728 So.2d 1250 (1999)
UNITED WATER FLORIDA, INC., Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Appellee.
No. 98-4164.
District Court of Appeal of Florida, First District.
April 13, 1999.
James L. Ade, Esquire, of Martin, Ade, Birchfield & Mickler, Jacksonville, for appellant.
Robert D. Vandiver, General Counsel and Mary Anne Helton, Associate General Counsel, Florida Public Service Commission, Tallahassee, for appellee.

ORDER RELINQUISHING JURISDICTION
PER CURIAM.
Appellant United Water Florida, Inc. (UWF) petitioned the Public Service Commission for variance from a rule and rate relief. On September 21, 1998, the commission entered a notice of proposed agency action that the requested relief would be denied. The order further provided that a substantially affected party may petition for a formal proceeding. The order went on to provide that, in the absence of a request for such a proceeding, the order would become final on October 13, 1998. UWF did not petition for a hearing but filed a notice of appeal on November 10, 1998.
Finding the question of its jurisdiction unclear, this court issued an order directing appellant to show cause why the appeal should not be dismissed because the notice of appeal was untimely. The appellant responded and explained the above described circumstances. Upon consideration of appellant's arguments, the commission was asked to address the jurisdictional issues presented and directed to show cause why jurisdiction should not be relinquished for entry of a final order.
In its response the commission states that the circumstances presented here, an appeal from an order where no hearing was requested, is virtually unknown in proceedings before it. According to appellee, entry of a second order to announce that a proposed *1251 agency action has become final where no hearing has been requested is an administrative inconvenience and almost always unnecessary. We find, however, that entry of such an order is appropriate in the instant case. Section 120.52(7), Florida Statutes, clearly contemplates that a written final order be filed with the clerk of the agency at a particular date and such a document filing is necessary to compute the time for filing of the appeal. Appellate jurisdiction is invoked by the filing of a notice of appeal within 30 days of rendition of the order and "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R.App. P. 9.020(h). In the context of civil litigation arising from circuit court this court questioned the finality of an order which purported to become final at a later date without further judicial action. See Department of Transportation v. Post, Buckley, Schuh & Jernigan, 557 So.2d 145 (Fla. 1st DCA 1990).
For the foregoing reasons, we deem it necessary that the Public Service Commission enter a final order in this cause and jurisdiction is relinquished to the agency for 20 days from the date of this order with directions to enter such an order. Thereafter this court will assume jurisdiction of the proceeding in this case number. See Fla. R.App. P. 9.110(m).
ERVIN, BOOTH and PADOVANO, JJ., concur.