837 So.2d 577 (2003)
Jasmine SCOTT, by and through her parents and natural guardians, Daryl SCOTT and Temple Scott, and Daryl Scott and Temple Scott, individually, Appellant,
v.
WOMEN'S MEDICAL GROUP, P.A., a Florida Corporation, and Joan M. Macksey, M.D., Appellee.
No. 1D02-4513.
District Court of Appeal of Florida, First District.
February 12, 2003.
Rodney S. Margol and C. Rufus Pennington, Jacksonville, for Appellant.
Ralph O. Anderson, and Mark Hicks, Miami, and Kelly B. Mathis, Jacksonville, for Appellee.
PER CURIAM.
Having considered the appellant's response to this Court's order, dated December 3, 2002, we dismiss this appeal for lack of jurisdiction. The order on appeal, Order Denying Without Prejudice Plaintiffs' Motion for Attorney's Fees, dated October 10, 2002, is neither a final order nor a nonfinal order appealable pursuant to Florida Rules of Appellate Procedure, 9.130(a)(4) (2002).
Final attorney's fees orders are appealable as separate final judgments. See Saye v. Pieschacon, 750 So.2d 759, 761 (Fla. 1st DCA 2000); BDO Seidman, L.L.P. v. British Car Auctions, Inc., 789 So.2d 1019, 1019-20 (Fla. 4th DCA 2001). However, the order being appealed is not a final attorney's fee order, because it denies the appellants' motion without prejudice to revisit the issue in the same suit when the Supreme Court resolves the conflict. See Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991). Additionally, an order that purports to become final at a later date is not final. See, e.g. United Water Florida, Inc. v. Florida Public Service Commission, 728 So.2d 1250 (Fla. 1st DCA 1999); Ponton v. Gross, 576 So.2d 910 (Fla. 1st DCA 1991).
The instant order is not an appealable nonfinal order under rule 9.130(a)(4), because it contemplates a future final order, either granting or denying the appellants' motion with finality, at which point the appellants will have the right to appeal *578 that final order. See Craven v. Skate N Space, Inc., 691 So.2d 25 (Fla. 1st DCA 1997); Maryland Casualty Co. v. Century Construction Corp., 656 So.2d 611 (Fla. 1st DCA 1995).
DISMISSED.
BARFIELD, POLSTON, and HAWKES, JJ., concur.