858 So.2d 1273 (2003)
Sharon Hensley NEWMAN, Appellant,
v.
Nathan Paul NEWMAN, Appellee.
No. 1D03-4134.
District Court of Appeal of Florida, First District.
November 19, 2003.
Appellant, pro se.
William Bruce Muench, Jacksonville, and Barry L. Zisser of Zisser, Robison, Brown, Nowlis & Maciejewski, P.A., Jacksonville, for Appellee.
PER CURIAM.
Having considered the appellant's response to the Court's order of October 9, 2003, we dismiss this appeal as premature. The order on appeal, which purported to be a final order of dissolution of marriage, reserved jurisdiction to determine a factual dispute regarding certain bank and investment accounts. Therefore, the order is not final. See Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002). Klein v. Klein, 551 So.2d 1235 (Fla. 3d DCA 1989).
Although the reservation of jurisdiction is conditioned on the introduction of documentary evidence, which apparently was never introduced, and the order made a conditional finding that the funds had been consumed in the marriage, the order is nonetheless nonfinal because it does not conclusively end the judicial labor in the case. Klein, 551 So.2d at 1235. Even assuming that the reservation of jurisdiction could be extinguished by the parties' failure to present documentary evidence, and therefore nothing remained for the court to determine, the instant order would not subsequently become final. See Scott ex rel. Scott v. Women's Med. Group, P.A., 837 So.2d 577 (Fla. 1st DCA 2003). See also Ponton v. Gross, 576 So.2d 910 (Fla. 1st DCA 1991) (holding that the order, which stated that the court would dismiss the action if the amended complaint were not filed within the time allowed, was not a final order); United Water Fla., Inc. v. Fla. Pub. Serv. Comm'n, 728 So.2d 1250 (Fla. 1st DCA 1999) (holding that the order, which purported to become final on a certain future date in the absence of a petition for a formal hearing, was not a final order).
ERVIN, BOOTH and KAHN, JJ., Concur.