867 So.2d 413 (2003)
ATM LIMITED and Ali Marabik Mohamed, Appellants,
v.
CAPORICCI FOOTWEAR LTD., CORPORATION, Appellee.
No. 3D02-3375.
District Court of Appeal of Florida, Third District.
December 10, 2003.
Rehearing and Rehearing Denied March 10, 2004.
Louis C. Arslanian (Fort Lauderdale), for appellants.
Frank M. Marks, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and FLETCHER, J., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied March 10, 2004.
SCHWARTZ, Chief Judge.
ATM Limited and Ali Marabik Mohamed appeal, on purely jurisdictional grounds, from a judgment entered against them after a bench trial.
First, we agree that the judgment against ATM Limited is void and must be set aside because it was never made a party to the action below. Norville v. Bellsouth Advertising & Pub. Corp., 664 So.2d 16 (Fla. 3d DCA 1995), review denied, 675 So.2d 119 (Fla.1996).
We do not, however, agree with the contention that the judgment is infirm on the ground that the trial court lost jurisdiction over the cause as a whole when it entered an order of dismissal pursuant to Florida Rule of Civil Procedure 1.070(j) some two years before the judgment. It is true that, after the final dismissal of a claim or complaint, either with or without prejudice, the trial court is without further "case jurisdiction" and cannot render a judgment of any kind in the case. See Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989); Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. *414 3d DCA 1982); 1 Fla. Jur.2d Actions § 220 (1997). This rule does not apply here, however because the cited order, which states that the cause "shall stand dismissed" in the absence of an appropriate "motion showing good cause" why "service was not effectuated"[1] is not a final order under this doctrine. See United Water Fla., Inc. v. Florida Pub. Serv. Comm'n, 728 So.2d 1250 (Fla. 1st DCA 1999)(holding that order which purported to become final on a certain future date in the absence of a petition for a formal hearing was not a final order); Department of Transp. v. Post, Buckley, Schuh & Jernigan, 557 So.2d 145 (Fla. 1st DCA 1990)(holding that order, which purported to dismiss cause for failure to prosecute subject to reinstatement for good cause shown by motion, was not final order dismissing the case). See Newman v. Newman, 858 So.2d 1273 (Fla. 1st DCA 2003). See generally, Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982), review denied, 424 So.2d 763 (Fla.1982). Because the court therefore retained jurisdiction to enter the final judgment on appeal, as against Mohamed, the judgment is affirmed.
Affirmed in part, reversed in part.
NOTES
[1] The order provided:

ORDER OF DISMISSAL
"[I]n accordance with Florida Rules of Civil Procedure, Rule 1.070(j), this cause is DISMISSED WITHOUT PREJUDICE, with leave to show good cause why service was not effectuated. Any motion showing good cause must be made and scheduled for hearing on this Court's Motion Calendar within 30 days from the date of this Order, otherwise this cause shall stand dismissed. [e.s.]"