GERBER, J.
This appeal presents the question of whether Stockman v. Downs, 573 So.2d 835 (Fla.1991), requires a party to plead entitlement to attorney’s fees incurred during court-ordered, nonbinding arbitration conducted pursuant to section 44.103, Florida Statutes (2004). We answer in the negative and affirm the trial court’s award of attorney’s fees.
In 2004, the plaintiff below filed a negligence action for personal injuries. The trial court ordered the parties to nonbinding arbitration pursuant to section 44.103, which, in 2004, provided in pertinent part:
(5) ... An arbitration decision shall be final if a request for a trial de novo is not filed....
(6) The party having filed for a trial de novo may be assessed the arbitration costs, court costs, and other reasonable costs of the party, including attorney’s fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing if the judgment upon the trial *158 de novo is not more favorable than the arbitration decision.[1]
The arbitrator found that the plaintiff was fifty percent liable for his injuries, and that each defendant was twenty-five percent liable for the plaintiffs injuries. The arbitrator also found that the plaintiffs damages were $15,000.00, resulting in a net award to the plaintiff of $7,500.00 if the plaintiff accepted the decision. The plaintiff, however, filed for a trial de novo. A jury subsequently returned a verdict for the defendants. The defendants sent the plaintiff a proposed final judgment stating that the trial court would reserve jurisdiction to consider the defendants’ motion to tax fees and costs pursuant to section 44.103(6). The trial court later entered the final judgment.
The defendants thereafter filed a motion to tax fees and costs based upon the plaintiff not accepting the arbitrator’s decision. After a hearing, the defendants sent the plaintiff a proposed order granting the motion. The plaintiff made minor revisions to the proposed order, which the trial court then entered. Later, however, the plaintiff filed a motion to strike the defendants’ motion for attorney’s fees, alleging that the defendants waived their claim to attorney’s fees because they did not plead that claim before the trial court entered final judgment. At a joint hearing on the plaintiffs motion to strike and the defendants’ request to set the fees amount, the defendants contended that the plaintiff had waived his pleading argument by not raising it at a previous hearing. The defendants also contended that a claim for attorney’s fees pursuant to the arbitration statute need not be pled. Following the hearing, the trial court entered three orders: (1) denying the plaintiffs motion to strike, (2) determining the amount of the defendants’ attorney’s fees and costs, and (3) a final judgment awarding the defendants’ attorney’s fees and costs.
The plaintiff appeals those three orders, arguing that the defendants waived their claim for attorney’s fees by failing include that claim in their pleadings. In response, the defendants contend that the plaintiff waived his pleading argument by not raising it before agreeing to entitlement, and that a claim for attorney’s fees pursuant to section 44.103(6) need not be pled. Our review is de novo. See Hirschenson v. Hirschenson, 996 So.2d 905, 907 (Fla. 4th DCA 2008) (“[Wjhen entitlement to attorney’s fees is based on the interpretation of ... a statute, as a pure matter of law, the appellate court undertakes a de novo review.”) (citation omitted).
In Stockman, our supreme court stated:
The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney’s fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney’s fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party’s attorney’s fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, toe hold that a claim for attorney’s fees, whether based on *159 statute or cov,tract, must be pled. Failure to do so constitutes a waiver of the claim.
573 So.2d at 837-38 (emphasis added; citation and footnotes omitted). In Caufield v. Cantele, 837 So.2d 371 (Fla.2002), the supreme court clarified Stockman by holding that “the specific statutory or contractual basis for a claim for attorney’s fees need not be specifically pled, and ... failure to plead the basis of such a claim will not result in waiver of the claim.” Id. at 378.
Our supreme court and this court have enforced Stockman’s “no pleading, no fees” rule in situations where the entitlement to fees and costs existed from the outset based upon a contract or statute which was the subject of the underlying claim or defense. See, e.g., Stockman (contract entitling prevailing party to recover attorney’s fees incurred in enforcing contract); Precision Tune Auto Care, Inc. v. Radcliffe, 815 So.2d 708, 711 (Fla. 4th DCA 2002) (statute entitling prevailing party to recover attorneys fees incurred in action to enforce contract); Prudential Sec., Inc. v. Ruskin, 707 So.2d 782, 783-84 (Fla. 4th DCA 1998) (statute entitling prevailing party to recover attorney’s fees incurred in action to enforce violations of securities transactions).
However, the supreme court and the Second District have created exceptions to Stockman where the entitlement to fees and costs arose during the suit based upon some event which is supplemental to the underlying action. In Ganz v. HZJ, Inc., 605 So.2d 871 (Fla.1992), the supreme court held that Stockman did not require a party to plead entitlement to attorney’s fees pursuant to a pre-2002 version of section 57.105(1), Florida Statutes, reasoning:
It is extremely difficult, if not impossible, for a party to plead in good faith its entitlement to attorney’s fees under section 57.105 before the case is ended. We agree with the Third District’s observation in Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 487-88 (Fla. 3d DCA 1981):
There is certainly no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous issues in a civil case and, therefore, to plead in good faith its entitlement to attorney’s fees under Section 57.105, Florida Statutes (1979). Indeed, we think it is best to presume good motives on the part of one’s adversary even on what appears to be an open and shut case. It is only after the case has been terminated that a sensible judgment can be made by a party as to whether the adverse party raised nothing but frivolous issues in the cause, and, if so, to file an appropriate motion, as here, seeking an entitlement to said attorney’s fees under Section 57.105, Florida Statutes (1979).
605 So.2d at 872-73 (emphasis added).[2]
Similarly, in Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995), disapproved on other grounds, 700 So.2d 640 (Fla.1997), the Second District concluded that the Ganz analysis also applied to fee requests under section 768.79, Florida Statutes. Our sister court noted that “section 768.79(6) seems to specifically provide that requests for attorney’s fees under that section be made by m.otion *160 after judgment” 649 So.2d at 891 (emphasis added).
The Gam analysis applies here as well. To paraphrase the supreme court, it is extremely difficult, if not impossible, for a party to plead in good faith its entitlement to attorney’s fees under section 44.103 before the case is ended. There is certainly no way for a litigant to know in advance whether the fee-shifting provision of 44.103 will become effective and, therefore, to plead in good faith its entitlement to attorney’s fees under that statute. It is only after the case has been terminated that a party can determine whether the fee-shifting provision has become effective, and, if so, to file an appropriate motion seeking an entitlement to said attorney’s fees. Just as the Second District found with section 768.79 in Tampa Letter Carriers, section 44.103 seems to provide that requests for attorney’s fees also be made by motion after judgment.
Even if the law had required the defendants to have pled their claim for attorney’s fees pursuant to section 44.103, we agree with the defendants that the plaintiff waived that argument by not raising it before agreeing to entitlement. In Stockman, the supreme court added:
However, we recognize an exception to the rule announced today. Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.
573 So.2d at 838.
The Stockman exception applies here. The defendants put the plaintiff on notice that they were claiming entitlement to attorney’s fees pursuant to section 44.103 in three ways: by sending the plaintiff a proposed final judgment stating that the trial court would reserve jurisdiction to consider the defendants’ motion to tax fees and costs pursuant to section 44.103; by filing a motion for entitlement to attorney’s fees based upon the plaintiffs rejection of the arbitrator’s decision; and by sending the plaintiff a proposed order granting the motion. The plaintiff acquiesced to the claim by not objecting to the proposed final judgment either before or after its entry, and by making minor revisions to the proposed order, which the trial court also entered. See Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc., 839 So.2d 767, 768 (Fla. 4th DCA 2003) (appellants had reasonable notice of broker’s claim for fees in spite of failure to file a “pleading” formally seeking such fees where appellants agreed to order reserving jurisdiction to resolve issue of attorney’s fees).

Affimed.

HAZOURI, J., concurs.
FARMER, J., dissents with opinion.

. The Legislature, in 2007, amended subsection (6) to impose a twenty-five percent threshold for recovery and to require that the party seeking costs and fees file a motion to that effect within thirty days after entry of judgment.

. The Legislature, in 2002, amended section 57.105 by adding subsection (4), which provides that a party seeking sanctions under subsection (1) first must give the opposing party notice of the intent to seek such a sanction so that a challenged paper, claim, defense, contention, allegation, or denial might be corrected or withdrawn.