PER CURIAM.
This is a case where the appellant challenges a dismissal for failure to prosecute, but there is no final, appealable order to support jurisdiction. We therefore relinquish jurisdiction to the circuit court with the observation that the trial judge may take a second look at the record activity and reconsider its earlier dismissal.
Shamrock Jewelers, Inc., filed a complaint against various defendants. Defaults were entered against each defendant. On January 22, 2009, Shamrock’s attorney filed a notice of change of address in the case. On July 8, 2010, the circuit court entered a motion, notice, and order of dismissal under the failure to prosecute section of Florida Rule of Civil Procedure 1.420(e). The court said that there had been no record activity within ten months, and then ordered, in part, as follows:
1. If no record activity occurs in the sixty (60) days immediately following service of this notice, and no stay has been issued or approved by this court, or if no good cause why the action should remain pending is shown in writing at least five (5) days before the hearing scheduled below and filed in the action with the Clerk of Court, with a courtesy copy sent directly to the judge’s office, THIS ACTION SHALL STAND DISMISSED FOR LACK OF PROSECUTION WITHOUT FURTHER ORDER OF COURT on [September 13, 2010], pursuant to Rule 1.420(e), Florida Rules of Civil Procedure.
The order provided that if record activity occurred within the 60 day period following service of the notice, then the court would hold a status conference on September 13, 2010.
Within the 60 day grace period provided by the order, Shamrock filed its first request to produce. At the September 13, 2010 status conference, the case was dismissed for lack of prosecution because there had been no record activity. Apparently, the circuit court was not aware that Shamrock had filed its discovery request.
A problem with this case is that the July 8, 2010 order is a non-appealable, non-final order. See Fla. R.App. P. 9.030(b)(1)(A). Shamrock filed a notice of appeal directed at the July 8 order. The circuit court entered no other order dismissing the case. The request to produce was record activity sufficient to preclude dismissal. See Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786 (Fla.2011); Weston TC LLLP *1075 v. CNDP Mktg. Inc., 66 So.3d 370 (Fla. 4th DCA 2011); Johnson v. Maroone Ford LLC, 944 So.2d 1059, 1061 (Fla. 4th DCA 2006) (holding that plaintiffs’ second request to produce constituted record activity sufficient to preclude dismissal). Because there was record activity, paragraph 1 of the July 8 order, providing for automatic dismissal in the absence of record activity, did not apply.
Under these circumstances, the July 8 order was a conditional order and not a final, appealable order. See Lynbrook Court Condo. Ass’n v. Arana, 711 So.2d 249, 250 (Fla. 3d DCA 1998). Due to the record activity, the automatic dismissal of paragraph 1 never took effect. Even if the judge orally dismissed the case at the status conference, the court would have had to reduce the dismissal to writing to create an appealable order. Where an appellant has prematurely filed an appeal, our procedure is to relinquish jurisdiction to the circuit court to give the appellant an opportunity to obtain a final appealable order. See Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991). We follow that procedure in this case, and relinquish jurisdiction to the circuit court for 60 days to obtain a final order and file a copy of it with this court. Failure to do so will result in a sua sponte dismissal of this appeal. If Shamrock obtains a final order, an amended notice of appeal shall be filed in the circuit court. We note that on remand, the trial court is not required to enter a final order of dismissal; rather, the court is free to take a closer look at the record and reconsider whether there was “record activity” within the meaning of Rule 1.420(e).
POLEN, GROSS and CONNER, JJ., concur.