LOGUE, J.
In these consolidated cases, Ocean Bank appeals orders that denied its requests for attorney’s fees against Caribbean Towers Condominium Association. The Bank claims attorney’s fees as the prevailing party in disputes over unpaid assessments. The Association responds that the trial courts lacked subject matter jurisdiction to grant attorney’s fees. In the alternative, the Association argues that the Bank was barred from recovering awards of attorney’s fees by the “no pleading, no fees” rule announced in Stockman v. Downs, 573 So.2d 835 (Fla.1991). We are not persuaded by the Association’s arguments and reverse because the Bank was entitled to prevailing party attorney’s fees under section 718.303(1), Florida Statutes (2012).
The Bank brought foreclosure actions against two condominium unit owners. The Bank named the Association as a defendant in the foreclosure actions because the Association had liens for unpaid assessments. The Bank ultimately obtained foreclosure judgments and subsequently purchased the condominium units at foreclosure sales.
The dispute underlying the Bank’s claims for attorney’s fees concerned the extent of its liability to the Association for unpaid assessments after purchasing the condominium units at the foreclosure sales. Section 718.116(l)(b), Florida Statutes (2012), capped the Bank’s liability for condominium assessments at no more than one percent of the original mortgage debt. Notwithstanding this statutory cap, on one unit in this consolidated appeal, the Association issued a certificate for unpaid assessments totaling $8,835.93, an amount almost nine times the statutory maximum. On the other unit, the Association issued a certificate claiming a hen of $20,233.14, an amount more than thirteen times the statutory maximum. The Association’s repeated demands for payment of liens in excess of the statutory maximum forced the Bank to delay closings on the units.
Seeking a speedy and inexpensive resolution of the dispute, the Bank filed post-judgment motions against the Association in the foreclosure actions requesting the application of the statutory cap to the Association’s liens and an award of attorney’s fees pursuant to section 718.303(1), which provides that the prevailing party is entitled to attorney’s fees in disputes between unit owners and condominium associations. Both trial judges ruled for the Bank on the merits, with one judge referring to the Association’s position as “frivolous.” Both trial judges, however, refused to grant attorney’s fees, apparently finding that the post-judgment procedure was a proper forum to litigate the merits, but not a proper forum to litigate the requests for fees.
The Association did not appeal or cross-appeal the trial courts’ rulings for the Bank on the merits of the disputes over unpaid assessments. Nevertheless, it argues that the denials of the requests for attorney’s fees should be upheld on the basis that the trial courts lacked subject matter jurisdiction to entertain the Bank’s motions in post-judgment proceedings, because the substantive motions raised issues not strictly within the four corners of the foreclosure pleadings.
The trial courts clearly had subject matter jurisdiction of the foreclosure actions and personal jurisdiction of the parties. Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 n. 3 (Fla.2003) *1090 (“Subject matter jurisdiction means no more than the power lawfully existing to hear and determine a cause. It concerns the power of the trial court to deal with a class of cases to which a particular case belongs.”) (citations and quotations omitted). The principle that relief is limited to the matters pled, embedded in Florida Rule of Civil Procedure 1.110, serves as a procedural bar to a party requesting relief outside the pleadings in almost all circumstances, but it does not implicate a court’s subject matter jurisdiction. Not being jurisdictional, this argument can be waived. Cuartas v. Cuartas, 951 So.2d 980, 983 (Fla. 3d DCA 2007) (“As with most rules, a litigant can waive the benefit of the rule.”).
We decline to rule on the issue of whether the Bank was procedurally barred from requesting post-judgment relief because we hold that the Association waived the issue in the unusual posture of this appeal. Having accepted the post-judgment process as a proper forum to decide the merits of the disputes over unpaid assessments (by not appealing or cross-appealing the decision on the merits), the Association cannot now argue that the post-judgment proceedings were an improper forum to award prevailing party attorney’s fees. See generally Breakstone v. Baron’s of Surfside, Inc., 528 So.2d 437, 439 (Fla. 3d DCA 1988) (“The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled.”) (citation omitted). To allow the Association to have it both ways would require us to accept a process that blocks the clear statutory intent of the Legislature.
In enacting section 718.303(1), the Legislature clearly intended the prevailing party in disputes between unit owners and condominium associations to be awarded attorney’s fees. The Legislature’s purpose in enacting a statute providing for attorney’s fees to the prevailing party would be frustrated by allowing the merits to be litigated in a forum in which fees cannot be awarded. The Bank in this case was therefore entitled to have its claim litigated in a forum that could both rule on the merits of its claim and award the prevailing party its attorney’s fees.
Turning to the next issue, we hold that the Bank was not barred from recovering an award of attorney’s fees by the “no pleading, no fees” rule announced in Stockman. The rule applies “in situations where the entitlement to fees and costs existed from the outset based upon a contract or statute which was the subject of the underlying claim or defense.” Cooper v. Marriott Int’l, Inc., 16 So.3d 156, 159 (Fla. 4th DCA 2009), review denied, 31 So.3d 782 (Fla.2010). Stockman’s rule, however, does not apply “where the entitlement to fees and costs arose during the suit based upon some event which is supplemental to the underlying action.” Id.; see also Ganz v. HZJ, Inc., 605 So.2d 871, 872 (Fla.1992) (“It is extremely difficult, if not impossible, for a party to plead in good faith its entitlement to attorney’s fees under section 57.105 before the case is ended.”).
In this case, the entitlement to fees did not exist from the outset of the Bank’s foreclosure actions against condominium unit owners. Cf. Stockman, 573 So.2d at 837-38 (holding a prevailing party was precluded from obtaining attorney’s fees by failing to plead fees in an action to enforce a contract that entitled it to fees). Instead, the dispute over unpaid assessments arose when the Association issued certificates in excess of the statutory cap after the Bank purchased the units at foreclosure sales. Simply put, the Bank could not have sought fees as a unit owner under *1091 section 718.308(1) before the Bank purchased the units. Thus, the Bank properly raised the issue of attorney’s fees only after it arose; and the Association was provided notice and adequate time to decide whether to pursue its claim for a lien in excess of the statutory maximum, drop it, or settle it. See Ganz, 605 So.2d at 872; Cooper, 16 So.3d at 159.
Accordingly, the Bank was entitled to its attorney’s fees incurred in successfully prosecuting its claim that the Association’s assessments were capped at the statutory máximums mandated by section 718.116(l)(b).
Reversed and remanded for a determination of the amount of the fees.