# Third District Court of Appeal
## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-140
Lower Tribunal No. 19-24417
_____

**Esther Alarcon,**
Appellant,

vs.

**Seth Dagen,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Bruce Law Firm P.A., and Christopher R. Bruce and Betzy Falgas (West Palm Beach), for appellant.

Barry E. Witlin, P.A., and Barry E. Witlin (Plantation), for appellee.

Before LOGUE, C.J., and FERNANDEZ and MILLER, JJ.

LOGUE, C.J.

Esther Alarcon, the Mother of K.A.D., a minor, appeals the trial court's final judgment of paternity awarding the parties shared parental

responsibility, but providing Seth Dagen, the Father, with ultimate decision-making authority and majority time sharing. Because we conclude the Mother tried by consent the Father's request for ultimate decision-making authority and majority timesharing by failing to object when the father repeatedly raised the issue at trial, we affirm.

## Background

The parties were never married, but share a minor child, K.A.D. In 2019, the Mother filed a petition to establish paternity, parental responsibility, timesharing, and child support. Prior to trial, the Father filed his proposed parenting plan, requesting shared parental responsibility and decision-making authority for educational decisions and non-emergency healthcare. During opening statements at trial, the Father requested majority timesharing with the minor child. Thereafter, the trial judge expressly asked the Father to confirm that he was seeking majority timesharing and ultimate decision-making authority, and the Father confirmed that he was. Both parties then argued for majority timesharing during closing arguments. At no point during trial, however, did the Mother object to the Father's request for majority timesharing and ultimate decision-making authority or argue that the Father had not requested such relief in his pleadings.

At the close of trial, the trial court found the evidence established that the Mother was not credible and the Father was credible. The trial court cited to evidence presented regarding two instances where the Mother called the police on the Father without merit. The Court also expressed concerns over the Mother's ability to prioritize K.A.D.'s interests over her own. The trial court noted that, prior to trial, it held the Mother in contempt for failing to take the minor child to his court-ordered speech therapy. The trial court further found that the Mother denied the Father access to K.A.D.'s medical and insurance information and failed to inform him of doctor's appointments. In contrast, the Father enrolled K.A.D. in speech therapy, took him to his appointments, and kept the Mother informed of all relevant information.

The trial court ultimately ordered that the parties have shared parental responsibility and confer on major decisions, such as the education, medical, and religious needs of the child, but that the Father have ultimate decision-making authority. The trial court further ordered that the Father have majority timesharing, with the Mother having timesharing three weekends per month.

## Analysis

We review an order on timesharing and parental responsibility for abuse of discretion. See Perez v. Maldonato, 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021).

3

The Mother contends on appeal that the trial court erred in awarding the Father majority timesharing and ultimate decision-making authority when he did not seek such relief in his pleadings. "The principle that relief is limited to the matters pled, embedded in Florida Rule of Civil Procedure 1.110, serves as a procedural bar to a party requesting relief outside the pleadings in almost all circumstances . . . [but] this argument can be waived." Ocean Bank v. Caribbean Towers Condo. Ass'n, Inc., 121 So. 3d 1087, 1090 (Fla. 3d DCA 2013). "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fla. R. Civ. P. 1.190(b).

If a party fails to object to the introduction of evidence raised on an unpled issue, the issue shall be treated as if it had been raised in the pleadings, so long as the opposing party had an opportunity to respond and oppose the issue with additional evidence. Building B1, LLC v. Component Repair Servs., Inc., 224 So. 3d 785, 790 (Fla. 3d DCA 2017); Hemraj v. Hemraj, 620 So. 2d 1300, 1301 (Fla. 4th DCA 1993) (holding that while not requested in the pleadings, alimony issue was tried by implied consent where the wife raised alimony in her pre-trial statement and the parties argued for and against an alimony award throughout the trial).

Here, the Father sought majority timesharing and ultimate decision-making authority on multiple occasions, including in his parenting plan submitted prior to trial, during opening statements, and again in closing arguments. Indeed, the parties argued for and against majority timesharing throughout the trial. The Mother thus had ample opportunity to respond and to oppose the issue with evidence of her own. Furthermore, the Mother did not object during trial that the Father's requests for majority timesharing and ultimate-decision making authority were not raised in his pleadings. Accordingly, the Mother waived any argument that the Father was barred from requesting relief outside the pleadings. Given the record at trial and the lower court's fact-findings, we find no abuse of discretion in the order under review.

Affirmed.