# Third District Court of Appeal
## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1844
Lower Tribunal No. 16-1485-CA-01
_____


**FQS Enterprise, LLC,**
Appellant,

vs.

**B & K Factor, Inc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Law Guard and Mark W. Rickard (Plantation), for appellant.

No appearance, for appellees.


Before SCALES, GORDO and GOODEN, JJ.

GORDO, J.

FQS Enterprise, LLC ("FQS") appeals a final order dismissing the underlying action for lack of prosecution.[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We quash the challenged order because the trial court lacked procedural jurisdiction to enter the order.

On appeal, FQS argues the trial court lacked jurisdiction to dismiss its case for lack of prosecution after the rendition of final judgment. We agree.

The record before us shows the trial court entered a final judgment on October 15, 2018. That judgment reserved jurisdiction solely "to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977[.]" Because the trial court's jurisdiction was expressly limited to only enforcing that obligation, we find the court lacked procedural jurisdiction to enter the dismissal order after the rendition of final judgment. See Akuwudike v. McKenzie, 328 So. 3d 1051, 1052-53 (Fla. 3d DCA 2021) ("The record reveals that, on June 14, 2019, the trial court entered a final summary judgment against [the] appellees . . . . That judgment, which was not appealed, reserved jurisdiction only 'to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977.' . . . Hence, after the expiration of the time allotted for altering, modifying, or vacating the trial

---

[1] While FQS raises several issues on appeal, we decline to address them as we quash the order under review.

court's June 14, 2019 final judgment, the trial court lost procedural jurisdiction over this case on all matters other than enforcement of the judgment debtors' obligation to complete Florida Rule of Civil Procedure Form 1.977.  The trial court therefore was without procedural jurisdiction to: (i) enter its June 17, 2020 Notice of Lack of Prosecution and Order to Appear for Hearing; (ii) conduct the August 26, 2020 hearing on same; and (iii) enter the resulting August 26, 2020 order purportedly dismissing the case."); U.S. Bank Nat'l Ass'n v. Anthony-Irish, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) ("The court is said to act outside of its jurisdiction if it enters additional orders after . . . a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders.").

Order quashed.

GOODEN, J. (specially concurring).

I fully concur in the majority opinion, but write separately to address the differences between certain types of jurisdiction and how each operates. Neither the bench nor bar have been a model of clarity on which type of jurisdiction they are referring to in briefing and opinions.

"Jurisdiction is a broad term that includes several concepts, each with its own legal significance." Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 801 n.3 (Fla. 2003). Florida courts recognize three types of jurisdiction: 1) subject matter jurisdiction; 2) personal jurisdiction; and 3) case or procedural jurisdiction.[1] U.S. Bank Nat'l Ass'n v. Anthony-Irish, 204 So. 3d 57, 60 (Fla. 5th DCA 2016). Yet jurisprudence in this State has been less than clear on the third type of jurisdiction and often misidentifies it as subject matter jurisdiction. See, e.g., MTW Jordan, Inc. v. Baskerville, 323 So. 3d 331, 332 (Fla. 5th DCA 2021) (holding trial court did not have "subject matter jurisdiction" to entertain motion for final judgment after voluntary dismissal filed as part of settlement agreement); Ross v. Wells Fargo Bank, 114 So. 3d 256, 256 (Fla. 3d DCA 2013) (holding trial court did not have "subject

---

[1] The Fourth District has also recognized "divisional jurisdiction." See, e.g., Partridge v. Partridge, 790 So. 2d 1280, 1284–85 (Fla. 4th DCA 2001).

matter jurisdiction" to re-foreclose on property after final judgment had been entered).  But it is plainly different.

Subject matter jurisdiction concerns the "authority to hear and decide the case."  In re Adoption of D.P.P., 158 So. 3d 633, 636 (Fla. 5th DCA 2014). "This is jurisdiction in the abstract and is that sovereign authority, conferred upon a court by constitution, either directly or by authorized statute, to make adjudications, or binding decisions, as to controversies within a certain class of cases or causes."  Fla. Power & Light Co. v. Canal Auth., 423 So. 2d 421, 423 (Fla. 5th DCA 1982).  See also Bell v. Kornblatt, 705 So. 2d 113, 114 (Fla. 4th DCA 1998) ("Subject matter jurisdiction is conferred on a court by the state constitution and applicable statutes.").  "[I]t is a power that arises solely by virtue of law."  Fla. Exp. Tobacco Co., Inc. v. Dep't of Revenue, 510 So. 2d 936, 943 (Fla. 1st DCA 1987).

> It is the power lawfully conferred to deal with the general subject involved in the action.  It does not depend upon the ultimate existence of a good cause of action in the plaintiff, in the particular case before the court.  It is the power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case.

Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994) (internal quotations and citations omitted).

"[A] challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks

5

authority to grant the relief requested in a particular case." In re Adoption of D.P.P., 158 So. 3d at 636–37. Procedural events or defects do not affect subject matter jurisdiction. See Cunningham, 630 So. 2d at 181–82.

The focus is always on the class of cases—not the individual facts. For example, county courts do not have subject matter jurisdiction over ejectment actions. The authority to hear those types of cases resides exclusively with the circuit courts. § 26.012, Fla. Stat. (2025); Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1250 (Fla. 2008). Likewise, adoptions are within the purview of the circuit courts. § 63.102(1), Fla. Stat. (2025).

Subject matter jurisdiction is vital to the court's ability to adjudicate. For this reason, an objection to subject matter jurisdiction can be raised at any time. Cunningham, 630 So. 2d at 181; State v. Williams, 260 So. 3d 472, 474 (Fla. 1st DCA 2018) ("It is true that the question of subject-matter jurisdiction may generally be raised for the first time on appeal. This is because a court acting beyond its jurisdiction may be committing fundamental error.") (internal citation omitted). Too, it can—and should—be raised sua sponte by a court. Roberts v. Seaboard Sur. Co., 29 So. 2d 743, 748 (Fla. 1947); Fabre v. 4647 Block, LLC, 49 Fla. L. Weekly D1914, *1 (Fla. 3d DCA Sept. 18, 2024). It cannot be conferred by consent, agreement, or

6

waiver.  MCR Funding v. CMG Funding Corp., 771 So. 2d 32, 35 (Fla. 4th DCA 2000).

If a court lacks subject matter jurisdiction, the proceedings and any resulting final judgment are void.  Roberts, 29 So. 2d at 748.  It is subject to attack at any time, even collaterally.  McGhee v. Biggs, 974 So. 2d 524, 526 (Fla. 4th DCA 2008).  The judgment is not entitled to the preclusive effect of res judicata.  Hardman v. Koslowski, 135 So. 3d 434, 436 (Fla. 1st DCA 2014).  It is a nullity.

Whereas case or procedural jurisdiction concerns the exercise of jurisdiction—rather than the existence of jurisdiction.  It "involves the power of the court over a particular case that is within its subject matter jurisdiction." T.D. v. K.D., 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999).  It is "a court's authority to act in a particular case."  14302 San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd., 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring).  Accord Tobkin v. State, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001).

This type of jurisdiction concerns the procedural posture of the case and is fact specific.[2]  See Scott Stephens, Florida's Third Species of

---

[2] This discussion concerning case jurisdiction does not address what happens when an appeal is filed.  There are many rules that come into play

7

<u>Jurisdiction</u>, 82 Fla. Bar J. 10, 11 (March 2008) ("Procedural jurisdiction has nothing to do with the scope of the court's constitutional or statutory power, or the status of the parties. Instead, it is a matter of compliance with applicable procedural principles, some codified in rules, but more often products of case law."). For example, filing a notice of voluntary dismissal under Rule 1.420 divests the trial court of case jurisdiction. <u>Randle-E. Ambulance Serv., Inc. v. Vasta</u>, 360 So. 2d 68, 69 (Fla. 1978); <u>Albert v. Albert</u>, 36 So. 3d 143, 147 (Fla. 3d DCA 2010); <u>MCR Funding</u>, 771 So. 2d at 35.

Yet case jurisdiction "can appear and disappear depending on various events, and indeed it can be split into pieces when a court retains 'jurisdiction' over some issues but not others . . . ." Stephens, <u>supra</u> at 17. This is especially true with entry of final judgment. Continuing case jurisdiction is largely dependent on what the trial court reserves in its final judgment. <u>See</u> <u>Paulucci</u>, 842 So. 2d at 803; <u>Padron v. Padron</u>, 356 So. 3d 306, 308 (Fla. 3d DCA 2023); <u>ATM Ltd. v. Caporicci Footwear, Ltd.</u>, 867 So. 2d 413, 413–14 (Fla. 3d DCA 2003).

---

in those fact-specific scenarios. <u>See generally</u> Fla. R. App. P. 9.130(f); Fla. R. App. P. 9.600.

The Florida Supreme Court first recognized the distinction between subject matter and case jurisdiction in Malone v. Meres, 109 So. 677 (Fla. 1926). The Court rejected an attempt to elevate a mere procedural irregularity to subject matter jurisdiction. Justice Ellis wrote: "The jurisdiction of the chancery court to entertain this case being shown and the defendant having appeared by counsel, thus subjecting his person to the court's jurisdiction, the decree, although it may be subject to the criticism of procedural error, is not void." Id. at 694. See also State ex rel. Fulton Bag & Cotton Mills v. Burnside, 15 So. 2d 324, 326 (Fla. 1943) ("A judgment although irregular in form, entered by a court having jurisdiction of the subject matter and the parties, is conclusive so long as unreversed and cannot be attacked collaterally.").

In other words, where subject matter and personal jurisdiction are present, a lack of case jurisdiction does not render the trial court's proceedings or judgment void. See State v. King, 426 So. 2d 12, 14 (Fla. 1982) ("If a court has jurisdiction of the subject matter and of the parties, the proceeding is not a nullity and the judgment is not void."). It is considered merely voidable. Clarke v. Glob. Guaranteed Goods & Servs., Inc., 364 So. 3d 1135, 1138 (Fla. 6th DCA 2023); 14302 Marina San Pablo Place SPE, LLC, 92 So. 3d at 321 (Ray, J., concurring); Schroeder v. MTGLQ Invs., L.P.,

9

290 So. 3d 93, 99 (Fla. 4th DCA 2020) (Warner, J., concurring). Indeed, a voidable judgment is one "based upon some error in procedure." Jones-Bishop v. Estate of Sweeney, 27 So. 3d 176, 177 (Fla. 5th DCA 2010). Accord Dabas v. Boston Invs. Grp., Inc., 231 So. 3d 542, 546 (Fla. 3d DCA 2017). It has legal force and effect until it is vacated. Metro. Mortg. Co. v. Rose, 353 So. 3d 1230, 1233 (Fla. 3d DCA 2022); Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007).

Objections to voidable matters must be timely made or they are waived.[3] King, 426 So. 2d at 14; Haddock v. State, 176 So. 782 (Fla. 1937); Fla. Power & Light Co., 423 So. 2d at 423 n.5; Ocean Bank v. Caribbean Towers Condo. Ass'n, 121 So. 3d 1087, 1090 (Fla. 3d DCA 2013). See also In re Adoption of D.P.P., 158 So. 3d at 637–38 ("These are pleading and procedural deficiencies, not jurisdictional defects. Such deficiencies do not automatically deprive the court of jurisdiction, void the judgment, or subject it to collateral attack."); Condo. Ass'n of La Mer Ests., Inc. v. Bank of N.Y.

---

[3] There presently is a split among the Districts as to whether case jurisdiction can be waived. Compare MCR Funding v. CMG Funding Corp., 771 So. 2d 32 (Fla. 4th DCA 2000); Schroeder v. MTGLQ Invs., L.P., 290 So. 3d 93 (Fla. 4th DCA 2020); Clarke v. Global Guaranteed Goods & Servs., Inc., 364 So. 3d 1135 (Fla. 6th DCA 2023); Ocean Bank v. Caribbean Towers Condo. Ass'n, 121 So. 3d 1087 (Fla. 3d DCA 2013), with Schmidt v. JJJTB, Inc., 357 So. 3d 208 (Fla. 2d DCA 2023), review granted, No. SC2023-0915, 2023 WL 7132835 (Fla. Oct. 30, 2023); Pulte v. New Common Sch. Found., 334 So. 3d 677, 680 (Fla. 2d DCA 2022).

Mellon Corp., 137 So. 3d 396, 398 (Fla. 4th DCA 2014) ("If a judgment is 'void' then under rule 1.540(b) it can be attacked at any time, but if it is only 'voidable' then it must be attacked within a year of entry of the judgment."). A party "must exercise reasonable diligence in procuring its vacation; and unexcused laches or delay will generally preclude him from obtaining the relief sought." Chisholm v. Chisholm, 125 So. 694, 698 (Fla. 1929).

While our Court previously conveyed the importance of being precise in the characterization of the types of jurisdiction, we continue to see imprecision. See Sanchez v. Sanchez, 285 So. 3d 969, 974 n.8 (Fla. 3d DCA 2019). I urge the parties to heed this warning.

Correctly identifying which jurisdiction is at issue is imperative. Subject matter and case jurisdiction are simply not the same. Each has its own requirements and legal consequences. One springs from our Constitution and statutes, while the other is judge made and arises from procedure. One is about the existence of jurisdiction, the other is about the exercise thereof. One is about classes of cases, the other about case-specific procedural facts.

"Expecting all errors of 'jurisdiction' to be treated the same is a recipe for failure." Stephens, supra at 11. Using precise terms will assist the appellate courts in properly identifying which jurisdiction is at issue. It will

11

also ensure that the parties preserve any argument for appeal. See Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.") (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)); Harrell v. State, 894 So. 2d 935, 940 (Fla. 2005) ("First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection.  Third, [i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.") (internal citations and emphasis omitted).

GORDO, J., concurs.